Eugene Hernandez **SALAZAR**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46126.

Court of Criminal Appeals of Texas.

April 18, 1973.

M. N. Garcia and Stephen L. Rohde, Austin, for appellant.

Robert O. Smith, Dist. Atty, and Michael J. McCormick, Asst. Dist. Atty., Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful sale of a narcotic drug, to-wit: heroin. Punishment was assessed at 45 years.

John Imbert, a narcotics agent for the Texas Department of Public Safety, testified that on the night of June 5, 1971, he encountered the appellant at Uncle Van's Pancake House located on 19th Street in Austin. Later that night, at a telephone booth outside the Pancake House, the appellant sold him the heroin in question for $15.00.

Appellant's sole ground of error asserts that "The court erred in overruling appellant's objection to evidence elicited by state concerning reason for delay in arrest of appellant."

■ The record discloses that the appellant was not arrested until some six months after the date of the commission of the offense. Over objection, the state inquired of the witness why there was a delay in making the arrest and the witness responded:

"The undercover investigation had just begun; we were waiting for a supplement of funds which was to come in September. We had a limited amount of funds, and we were trying to do the most with those funds in June. The investigation got under full scale in September

1. Had the testimony involved an opinion as to the guilt of the appellant a different question would have been presented.

and lasted through December, at which time we let these people go until we terminated our undercover investigation so that it would be worth our while and the citizens' while as far as spending the money. That is the reason we waited until December."

■ The appellant has not shown nor do we find where he was harmed or prejudiced by such testimony.[1] Further, no complaint is made by appellant that he was denied a speedy trial and no harm is shown by the delay in his arrest. See, e. g., Luna v. State, Tex.Cr.App., 493 S.W.2d 854; Baldwin v. State, Tex.Cr.App., 478 S.W.2d 476.

The judgment is affirmed.

Compare, Alsup v. State, 129 Tex.Cr. App. 391, 87 S.W.2d 1098.