Ex parte William JOHNSON.

No. 47396.

Court of Criminal Appeals of Texas.

Sept. 25, 1973.

Paul W. Anderson (Court appointed), Marshall, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Petitioner was convicted for the offense of robbery with firearms on June 10, 1968. A plea of guilty was entered before a jury, and punishment was assessed at ninety-nine years.

A writ of habeas corpus was filed in the trial court under Article 11.07, V.A.C.C.P., and in accordance with Ex parte Young, Tex.Cr.App., 418 S.W.2d 824, in which petitioner sought release from confinement in the Texas Department of Corrections. After a hearing in the trial court, the record was forwarded to this Court and the writ was denied.

A writ of habeas corpus was filed in the United States District Court for the Eastern District of Texas and the writ was granted, the court finding that petitioner's guilty plea was involuntary, having been induced by the prosecutor's agreement to recommend twenty-five years' imprisonment if petitioner would plead guilty. The United States Court of Appeals for the Fifth Circuit upheld the decision of the lower court, Johnson v. Beto, 466 F.2d 478 (1972), and remanded this cause to the state trial court for resentencing in accordance with Santobello v. New York, 404 U. S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)[1], the remand ordering the trial court to grant petitioner a new trial or to grant specific performance on petitioner's

agreement to plead guilty for twenty-five years.

Following the remand, a hearing was held in the state trial court on April 26, 1973, at the conclusion of which the court sentenced petitioner to twenty-five years. The trial court, in its finding at the conclusion of the hearing, found that it had authority under Santobello v. New York, supra, and the remand of the Fifth Circuit to sentence the petitioner to twenty-five years. The court announced that its findings, along with a transcription of the court reporter's notes, would be forwarded to the Court of Criminal Appeals in accordance with the procedure for post-conviction writs of habeas corpus.

Petitioner contends that the trial court was without authority to resentence one on April 26, 1973, who had already been sentenced on February 6, 1969, and urges that the trial court was in error in not granting him a new trial.

 We find it unnecessary to reach appellant's contention. At the hearing in the trial court on April 26, 1973, the admonishment given petitioner by the court when he entered a plea of guilty before the jury at the original trial was introduced into evidence by stipulation of petitioner and the State. The admonishment does not contain any statement by the court to the petitioner concerning the range of punishment he could receive upon entering a plea of guilty as required by Article 26.13, Vernon's Ann.C.C.P. The requirement that a defendant, upon entering a plea of guilty, "shall be admonished by the court of the consequences" is mandatory under the provisions of Article 26.13, V.A.C.C.P., and this Court has consistently held hat such question may be raised at any time.

---

1. The Fifth Circuit, in remanding the case to the trial court, quoted from Santobello v. New York, supra:

 "The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, i. e., the opportunity to withdraw his plea of guilty."

Ex parte Marshall, Tex.Cr.App., 479 S.W. 2d 921; Ex parte Battenfield, Tex.Cr.App., 466 S.W.2d 569; Wilson v. State, Tex.Cr. App., 456 S.W.2d 941; Robinson v. State, Tex.Cr.App., 491 S.W.2d 686; Rogers v. State, Tex.Cr.App., 479 S.W.2d 42; Loudd v. State, Tex.Cr.App., 474 S.W.2d 200.

Since petitioner was not admonished as to the consequences of his plea of guilty, as required by the mandatory provisions of Article 26.13, V.A.C.C.P., and since this question may be raised at any time, petitioner is ordered released from further confinement by virtue of his conviction in Cause No. 398 in the 71st District Court and surrendered to the custody of the Sheriff of Harrison County to answer the indictment in said Cause.

It is so ordered.

Opinion approved by the Court.