**Eugene Hernandez SALAZAR, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 76–2901**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

March 2, 1977.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Eugene Hernandez Salazar, pro se.

John L. Hill, Atty. Gen., Richel Rivers, Asst. Atty. Gen., David M. Kendall, Jr., First Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Appellant, Eugene Salazar, was convicted upon trial by jury of the unlawful sale of heroin. His conviction was affirmed on appeal. *Salazar v. State,* Tex.Cr.App., 492 S.W.2d 949, 1973. Following exhaustion of state remedies the federal district court denied habeas relief and this appeal followed.

While working as an informant for the Austin Police, Salazar sold two small quantities of heroin to a narcotics agent with the Department of Public Safety. He contends that the state offered him a ten year probated sentence in exchange for a guilty plea, but Salazar, instead, chose to exercise his right to a trial by jury. The jury returned a verdict of guilty and following separate punishment proceedings, they assessed punishment at forty-five years imprisonment.

Appellant also contends that his court-appointed attorney rendered ineffective assistance of counsel. The right to effective counsel means not errorless counsel and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering effective assistance. *Herring v. Estelle,* 5th Cir. 1974, 491 F.2d 125; *MacKenna v. Ellis,* 5 Cir. 1960, 280 F.2d 592. We have reviewed the record and we find this contention to be without merit. The record reveals that counsel was familiar with the facts of the case and that he was diligent in conducting his examination of the witnesses. Although additional witnesses were not called by defense counsel, this was a valid element of trial strategy. We conclude that appellant was not deprived of effective assistance of counsel.

Appellant's contention that he was subjected to cruel and unusual punishment, deprived of due process of law, and punished for having exercised his right to a trial by jury is without merit. He was found guilty by the jury and, after a separate punishment proceeding where both sides presented witnesses, the jury assessed punishment at forty-five years imprisonment. The jury was properly instructed on the sentencing provisions and they could have recommended a ten year sentence

with benefit of probation had they so chosen. The sentence they returned was well within the statutory limits. We have searched the record and found no evidence of prosecutorial misconduct.

After a careful review of the record, we find that appellant's contentions lack merit. Accordingly, we affirm the decision of the district court denying habeas corpus relief to appellant.

AFFIRMED.