**Bobby Joe BISHOP, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57512.**

Court of Criminal Appeals of Texas, Panel No. 3.

July 12, 1978.

James M. Pape, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Frank Harmon, Asst. Dist. Attys., Houston, for the State.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

OPINION

VOLLERS, Judge.

Appellant was charged by indictment with the offense of delivery of a controlled substance. Upon motion of the State the prosecution was reduced to the lesser included offense of possession of a controlled substance. Upon a plea of guilty before the court the appellant was found guilty and his punishment was assessed at confinement for a period of six years and a fine of $1,000.

In his only ground of error the appellant contends that the indictment was fundamentally defective in that it failed to allege an offense because the Texas Controlled

Substances Act does not specifically list cocaine as a controlled substance. Omitting the formal allegations, the indictment alleged that

> "Bobby Joe Bishop, hereinafter referred to as the Defendant, heretofore on or about February 13, 1976, did then and there unlawfully, knowingly and intentionally deliver to John Tanner a controlled substance, namely cocaine."

Appellant's contention overlooks the provisions of Article 4476-15, Section 2.04, V.A.C.S. which provides that Schedule II substances shall consist of any of the following substances, however produced:

> "(4) Coca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative or preparation thereof which is chemically equivalent or identical with any of these substances, but not including decocainized coca leaves or extractions which do not contain cocaine or ecgonine."

There is a similar definition contained in Section 4.02(b)(3)(D) placing cocaine in Penalty Group I of the Controlled Substances Act.

 Where this definition specifically includes any compound or derivative of coca leaves but excludes decocainized coca leaves or extractions which do not contain cocaine there is a necessary implication in the definition that cocaine is a derivative of or preparation from, coca leaves. This inference is strengthened by the prior provision of Article 725b, V.A.P.C. (1925) which was the predecessor of the Texas Controlled Substances Act where coca leaves were defined as including "cocaine and any compound, manufacture, salt, derivative, mixture, or preparation of cocoa leaves, except derivatives of coca leaves which do not contain cocaine  .  .  ."

In connection with this contention appellant also contends that the evidence is insufficient to show that cocaine is a controlled substance. This contention is without merit because the appellant stipulated and personally testified to the fact that he did "intentionally and knowingly possess a controlled substance, namely cocaine."

Appellant's contention that the indictment in this cause is fundamentally defective is overruled. Judgment of the trial court is affirmed.