**William Randy TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 62924 to 62926.**

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 17, 1980.

On Rehearing Feb. 4, 1981.

Second Motion For Rehearing Denied Feb. 18, 1981.

Norman J. Hoppenstein (Court-appointed on appeal), Roland H. Hill, Jr., Fort Worth, for appellant.

Edward J. Tracy, Jr., Fort Worth (Court-appointed), for appellant on rehearing.

Tim Curry, Dist. Atty., William Kane, Steven Chaney & Charles Roach, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Alfred Walker, Asst. State's Atty., Austin, for the State on rehearing.

Before ONION, P. J., and PHILLIPS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

Indicted for the offenses of delivery of marihuana (Cause No. 62,924), delivery of methamphetamine (Cause No. 62,925) and delivery of a controlled substance named as "cocaine" (Cause No. 62,926), appellant entered a plea of guilty to the charge in Cause No. 62,924 and the jury assessed punishment at confinement in the Texas Department of Corrections for ten years. Having entered pleas of not guilty in Cause Nos. 62,925 and 62,926, appellant was found guilty by the jury of same and assessed punishment in each cause of fifteen years imprisonment.

Original court appointed counsel filed a brief in all three cause numbers in which he stated that the instant appeals are frivolous, but we found that such brief was not in compliance with the dictates of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) or *Currie v. State*, 516 S.W.2d 683 (Tex.Cr.App.1974) as interpreted in *High v. State*, 573 S.W.2d 807 (Tex.Cr. App.1978), and abated the appeals so that appellant could be afforded the effective assistance of counsel on appeal.

Thereafter, the same court appointed counsel filed a single brief embracing all causes which presented but a single ground of error relating to the failure of the trial court to charge the jury on entrapment in the "cocaine" delivery case. As the per curiam panel opinion of March 19, 1980,

pointed out, this brief contained only one reference to the record and cited but one case in support of the argument timidly advanced. Accordingly, the panel again abated the instant appeals and remanded the causes to the trial court with instructions to remove that court appointed counsel and provide the appellant with the effective assistance of counsel on appeal. See *Anders v. California*, supra; *Currie v. State*, supra. See also *Passmore v. Estelle*, 594 F.2d 115 (5 Cir. 1979) and CLINTON and WICE *Assistance of Counsel in Texas*, 12 St.Mary's L.J. 1, 38–41 (1980).

Represented by new court appointed appellate counsel, appellant advances two grounds of error contending that the trial court erred in accepting his plea of guilty in Cause No. 62,924 because he was not admonished as to the proper range of punishment as required by both Article 26.13, V.A. C.C.P. and the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and, further, that he was denied the reasonably effective assistance of counsel guaranteed by both the Sixth and Fourteenth Amendments to the United States Constitution. Additionally, in the interest of justice, see Article 40.-09(13), V.A.C.C.P., we will consider a matter not raised; that is validity of the indictment in Cause No. 62,926. For reasons about to be developed we will affirm the methamphetamine case but reverse the marihuana and "cocaine" convictions.

In ground of error number one, complaint is made that the trial court erred in accepting appellant's plea of guilty in the delivery of marihuana case since he had not been properly admonished as to the prescribed range of punishment for such offense. The record reflects that after appellant entered his plea of guilty, the trial court informed him, *inter alia*, that the applicable range of punishment for the offense of delivery of marihuana was imprisonment in the state penitentiary for no less than two nor more than *twenty* years. Of course the applicable range for this offense, a felony of the third degree, is imprisonment in the Texas Department of Corrections for no less than two nor more than *ten* years. See V.T.C.A. Penal Code, § 12.34. Though improperly admonished as to the possible maximum punishment, appellant's eventual punishment of ten years confinement was assessed within the *correct* punishment range by a jury that was correctly charged on the matter. In former times without a showing that an accused was misled to his detriment by the strength of the trial court's faulty admonition reversible error did not attend the admonishment.[1] *Ex parte Beiersdorf*, 532 S.W.2d 632 (Tex.Cr.App.1976); see also *Cameron v. State*, 508 S.W.2d 618 (Tex.Cr. App.1974) and *Jorden v. State*, 500 S.W.2d 117 (Tex.Cr.App.1973). With the 1975 amendment, note 1, in the margin *ante*, as the Court has recently pointed out in *Whitten v. State*, 587 S.W.2d 156, 158 (Tex.Cr. App.1979), when we review a challenged admonishment "the question of substantial compliance, not harmless error, is the primary focus of our analysis" because "an affirmative showing of prejudice by appellant is unnecessary if there has been no

---

**1.** Yet, even then a total failure to admonish on the applicable range of punishment constituted such reversible error, *Loudd v. State*, 474 S.W.2d 200 (Tex.Cr.App.1971), that when notice on direct appeal was in the interest of justice held fundamental error, e. g., *Reed v. State*, 500 S.W.2d 137 (Tex.Cr.App.1973), and when raised by postconviction habeas corpus, was a sure ground for relief, *Ex parte Johnson*, 499 S.W.2d 180 (Tex.Cr.App.1973); but see *Ex parte Taylor*, 522 S.W.2d 479 (Tex.Cr.App. 1975) and *Williams v. State*, 522 S.W.2d 488 (Tex.Cr.App.1975). What often divided the Court was the situation where the admonishment as to punishment was "insufficient" in one respect or another: *Valdez v. State*, 479

S.W.2d 928 (Tex.Cr.App.1972); *Cameron v. State*, 508 S.W.2d 618 (Tex.Cr.App.1974); *Alvarez v. State*, 511 S.W.2d 521 (Tex.Cr.App. 1974); *Tellez v. State*, 522 S.W.2d 500 (Tex.Cr. App.1975), this one being characterized by the dissenting opinion as "burying the last remains of Article 26.13, V.A.C.C.P." It is important to keep in mind, though, that the competing views in these cases came from respective readings of Article 26.13, supra, before it was substantially revised effective June 19, 1975 by Acts 1975, 64th Leg., p. 909, ch. 341, § 3. However, as presaged by *Walker v. State*, 524 S.W.2d 712 (Tex.Cr.App.1975), the argument was not to be stilled.

substantial compliance with the statute," *id.*, at 158.

Narrowly, then, what we must decide here is whether an admonishment that states a range of·punishment by confinement that attends a second degree felony offense substantially complies with the statutory requirement of Article 26.13(a)(1) that the trial court shall admonish the accused of the range of punishment "*attached to the offense*"[2] that is a third degree felony and to which he has tendered a plea of guilty.

The offense of delivery of marihuana in this case was alleged to have been committed May 18, 1978 and the plea was entered February 13, 1979. Thus, Article 26.13, supra, as it had again been amended in 1977[3] was the controlling admonishment mandate extant when appellant pled guilty to the marihuana offense. It required *admonishment* in *two* particulars: the attached range of punishment and that a recommendation as to punishment is not binding on the court. Since the punishment was to be assessed by the jury, the second particular is not germane and was naturally not made a part of the admonishment that was given. We are left, then, with only the erroneous range of punishment.

In·our judgment, when the only matter about which the accused is to be admonished is the range of punishment, an admonishment that states a range for an offense one grade higher than the offense on trial does not substantially comply with Article 26.13(a)(1). It is still the rule that a "total failure" by the trial court to admonish as to punishment is reversible error

whether the plea hearing is before the court as in *Murray v. State*, 561 S.W.2d 821 (Tex. Cr.App.1977), or before a jury on a plea of guilty, as in *Fuller v. State*, 576 S.W.2d 856 (Tex.Cr.App.1979), and in the latter case the error is not cured by a charge to the jury that correctly states the range of punishment, *Stewart v. State*, 580 S.W.2d 594 (Tex.Cr.App.1979).[4]

There is no principled distinction between total failure to speak of punishment and stating a range of punishment which is not applicable to the offense on trial. The function of the admonishment exercise is to assure that facet of due process which requires that the plea of guilty that bases a conviction for a penal offense be "voluntary in the constitutional sense," *Henderson v. Morgan*, 426 U.S. 641, 646, 96 S.Ct. 2253, 2257, 49 L.Ed.2d 108 (1976).[5] As Presiding Judge Onion discerned in *Walker v. State*, supra, at 718 (Opinion concurring in part and dissenting in part), a voluntary, knowing and understandable plea includes "comprehension not only as to the nature of the charge, but also as to the penalty which can be imposed." The constitutional requirement presumes ignorance of such matters by the pleading accused; it is satisfied by a complete correct admonishment of the facts of such matters. If it were otherwise the mandate admonishment could be waived or may be avoided by a showing that the accused in truth and in fact knew of the applicable range of punishment at the time he entered his plea. But neither will do for the real purpose of the admonishment is not to test the knowledge and understanding that the accused may have somehow ac-

---

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

3. Acts 1977, 65th Leg., p. 748, ch. 280, § 1, effective August 29, 1977. Essentially, added to subsection (a)(2) was the proviso with respect to inquiry as to plea bargain.

4. "The fact that the range of punishment is included in the court's charge cannot be held to substitute for the requirement under Art. 26.13, supra, that a defendant be admonished as to the range of punishment attached to the offense," *Stewart*, supra, at 595.

5. In his concurring opinion Mr. Justice White alluded to the notion in *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970) that an accused may "voluntarily, knowingly, and understandably" consent to punishment even though resisting an admission of his participation to the crime charged, but insisted that an accused cannot "intelligently" reach that conclusion if he does not know the elements of the crime to which he is pleading and, therefore, "is ignorant decision to plead guilty ... is not a reliable indication that he is in fact guilty."

quired before appearing before the court; but, through the solemnity and simplicity of a process that imparts to the accused the absolute verity of the matters stated, to leave no room for doubt about it.

While not analyzing the admonishment procedure to this extent, the Court in *Borrego v. State*, 558 S.W.2d 1 (Tex.Cr.App. 1977) came to the same conclusion we reach—albeit in the different circumstances disposition of the case was necessarily different. Thus in a plea hearing before the trial court, which was also to assess punishment, the accused was admonished of the range of punishment for a first degree felony instead of the range for a second degree felony—the offense being unlawful possession of heroin, a second degree felony. Implicit in the reversal of the judgment of conviction is a clear determination that the trial court had erred in admonishing the accused "of the range of punishment attached to the offense" of unlawful possession of heroin.[6] Also significant is that the Court did not look around for a showing by appellant that he had been "misled or harmed" by the faulty admonishment.[7]

We sustain this ground of error as to Cause No. 62,924, the marihuana case.

In ground of error number two, appellant contends that he was denied the effective assistance of counsel when his trial counsel enabled the State to impeach him with evidence of two prior arrests for possession of marihuana and burglary. After the jury had found appellant guilty of delivery of both "cocaine" and methamphetamine, appellant took the stand during the punishment phase of the trial in an effort to "prove up" his own eligibility for felony probation. The following colloquy then transpired during direct examination:

Q [By defense counsel]: This alleged sale that took place back in July and in August of 1978, when were you—were you arrested at any time prior to—just before Christmas of 1978?

A: Yes, sir, I was. December the 5th.

Q: *And had you ever been arrested before that?*

A: No, sir, not on these charges.

Q: *Have you ever been charged or convicted of any offense?*

A: *No, sir.*

Q: *Felony or misdemeanor or anything else?*

A: *No, sir, I have not.*

Q: Other than a minor traffic violation?

A: *That's all.*

On cross examination, the State sought to impeach appellant with the fact that he had been arrested on two prior occasions for possession of marihuana and "investigation of burglary." After a somewhat detailed discussion as to whether defense counsel had actually asked the witness if he had ever been *arrested* prior to December 5, 1978, or had merely asked him if he had been *convicted*, a review of the court reporter's notes revealed that two questions had indeed been framed in terms of previous arrests and not convictions. Appellant then offered to change his own answer to the prior arrest question by volunteering the fact that he had been arrested in June of 1973 for possession of marihuana. The State then brought out the fact that appellant had also been arrested in September of 1973 for "investigation of burglary," as the witness phrased it.

Appellant now contends that trial counsel tripped open the gate that invited the State to go into the area of his prior arrests, thereby reflecting incompetence of counsel. Absent the questions, argues appellant, the jury would never have heard of his prior arrest record; that they did resulted in

---

6. The Court opined that the trial court, assessing punishment at five years confinement, the lowest for a first degree felony, "may well have thought this was the lowest penalty he could assess" and, accordingly, remanded for reassessment of punishment. In the case before us now that approach is foreclosed by the fact that punishment was jury assessed.

7. The admonishment has been included among a category characterized as "so patently deficient" that it may not be lifted to the "substantial compliance" level of examination; see 33 SLJ 534.

manifest prejudice to him. That appellant was prejudiced by this is in all likelihood true; that trial counsel was ineffective as a result of the asking of the questions prompting a prejudicial answer is an entirely different matter.

At the outset, we note that trial counsel, though eventually appointed on appeal before his dismissal on remand, was initially retained. In light of the Supreme Court's recent decision in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333, (1980) suggesting that the standard of effectiveness for all attorneys in criminal cases is the same regardless of their retained or appointed status, we need not reach the issue, posited in appellant's brief, as to whether there was "state action" in the instant proceeding below. See *Fitzgerald v. Estelle*, 505 F.2d 1334 (5 Cir. 1974) (en banc) and *Ex parte Ewing*, 570 S.W.2d 941 (Tex.Cr.App.1978).

Though the accused in a criminal proceeding is entitled to the effective assistance of counsel, interpreted by this Court to mean "reasonably effective assistance," see, e. g., *Ewing v. State*, 549 S.W.2d 392 (Tex.Cr. App.1977); *Williams v. State*, 549 S.W.2d 183 (Tex.Cr.App.1977); *Ex parte Prior*, 540 S.W.2d 723 (Tex.Cr.App.1976), we have held that this does not mean "errorless counsel,"[8] or counsel judged by hindsight,[9] but counsel whose service are gauged by the totality of the representation afforded.[10]

With the foregoing in mind, then, our own examination of this record reveals that trial counsel, notwithstanding his momentary lapse, diligently and conscientiously represented his client. Originally charged with *four* felonies, appellant's maximum exposure insofar as first degree felonies were concerned was curtailed when trial counsel prevailed on a motion to suppress and worked a dismissal of one such charge. The strategic decision to consolidate the remain-

ing three offenses for one trial resulted in his client receiving concurrent, as opposed to consecutive sentences, at trial level. This record similarly reveals an extensive voir dire examination of the jury panel by trial counsel as well as an intensive cross examination of two undercover narcotics officers whose testimony on direct was extremely damaging to appellant on the issue of guilt. Moreover, this record is replete with objections voiced by trial counsel and sustained by the trial court. It is also somewhat instructive to note that in each instance where such an objection was sustained, trial counsel sought curative instructions and, when given, went on to move for a mistrial thereby protecting his appellate record. We believe that the above is more probative on the issue of trial counsel's competence than a momentary lapse as alluded to above. Faced with something less than a pleasing set of facts, trial counsel advanced what appeared to be the only viable defense on the merits of the case—entrapment. It is only where trial counsel fails to raise *any* defense, assuming of course that the facts permit him to do so, that competence of counsel begins to become a possibility. See, e. g., CLINTON and WICE, supra at 29–32. That the defense was not successful is not indicative of a performance falling below the mandate of the Sixth Amendment. See, e. g., *Curtis v. State*, 500 S.W.2d 478 (Tex.Cr.App.1973); *Williams v. Beto*, 354 F.2d 698 (5 Cir. 1965); *Smotherman v. Beto*, 276 F.Supp. 579 (N.D. Tex. 1967).

Our conclusion that inadvertent invitation did not amount to ineffective assistance is further buttressed by the fact that the jury assessed punishment at terms well below the *maximum exposure* for each offense: respectively ten years, life or 99 years, and life or 99 years. Restated, we believe that trial counsel's opening the door

---

8. *Howell v. State*, 563 S.W.2d 933 (Tex.Cr.App. 1978); *Benoit v. State*, 561 S.W.2d 810 (Tex.Cr. App.1977); *Salazar v. Estelle*, 547 F.2d 1226 (5 Cir. 1977).

9. *Duran v. State*, 505 S.W.2d 863 (Tex.Cr.App. 1974).

10. *Williams v. State*, 513 S.W.2d 54 (Tex.Cr. App.1974). See also CLINTON and WICE, supra at 4–8.

to the introduction of his client's prior arrests and the eventual introduction of such evidence did not make the State's case significantly more persuasive in terms of its probable impact on the minds of an average jury called upon to assess punishment in a combined trial of offenses such as these. See *Chapman v. California*, 386 U.S. 263, 87 S.Ct. 229, 17 L.Ed.2d 705 (1967) and *Schneble v. Florida*, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972). Indeed, we note that neither prosecutor even made mention of these prior arrests during their closing arguments on punishment thereby lessening even further the probability that this evidence contributed to the jury's eventual verdict on punishment. "When from the entire record it is apparent that the accused has not been adequately represented the courts should have no hesitancy in so saying." *Rodriquez v. State*, 340 S.W.2d 61, 63 (Tex.Cr.App.1960) (Davidson, J.). But when the record amply demonstrates that the accused has received that quantum of representation above and beyond the dictates of the Sixth Amendment, notwithstanding a momentary lapse as here reflected, we should have no hesitancy in so saying either. Having found that trial counsel was not ineffective, we overrule ground of error number two.

Finally, in the third case complaint was made in the second brief filed by initial trial counsel that the trial court erred in refusing to charge the jury on the defensive issue of entrapment in delivering what the parties and witness routinely called "coke." But we need not examine this claim for there is a defect in the indictment that must be assayed in the interest of justice. It alleges, omitting formal parts, that appellant delivered "a controlled substance, namely: cocaine." We have just held in *Crowl v. State*, 611 S.W.2d 59 (Tex.Cr.App. 1980):

> "As such, the indictment in this cause 'does not allege *why* [cocaine], a substance not listed by name in a penalty group, is a controlled substance. Therefore, the indictment fails to allege an essential element of the offense and is fundamentally defective.' *Ex parte Wilson*, supra, 588 S.W.2d 905 at 909."

At the time of the instant offense cocaine was not named in a penalty group, though it since has been effective August 27, 1979.

Following *Crowl v. State*, as we must, the judgment of conviction is reversed and the indictment is ordered dismissed.

The judgment of conviction in the marihuana case, Cause No. 69,294, is reversed and the cause remanded.

The judgment of conviction in the methamphetamine case, Cause No. 62,925, is affirmed.

The judgment of conviction in the "cocaine" case, Cause No. 62926, is reversed and the indictment ordered dismissed.

ONION, P. J., dissents in Cause No. 62924.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

These are appeals from convictions for delivery of marihuana (62,924) and delivery of cocaine (62,926). On original submission both convictions were set aside. It was held that the admonishment at the guilty plea in the marihuana case did not meet the standards of Art. 26.13(a)(1) and (c), V.A.C. C.P. The indictment in the cocaine case was held fundamentally defective.

We first reconsider the marihuana case. Art. 26.13, supra, provides in relevant part:

> "(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:
>
> "(1) the range of the punishment attached to the offense;
>
> " . . .
>
> "(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

Appellant does not contend that the record affirmatively shows he was unaware of the consequences of his plea or that he was misled or harmed by the court's admonishment on the range of punishment. His contention, sustained on original submission, is that the erroneous statement of the punishment range did not constitute "substantial compliance."

On rehearing the State argues our original opinion drew too sharp a line between compliance and non-compliance, and held that any inaccurate statement of the punishment range is not substantial compliance. The State is correct that there is a large gray area between letter-perfect compliance and total failure to admonish on the range of punishment. Here, the trial court stated the correct minimum punishment, but announced an excessive maximum. The jury, however, was charged on the proper range of punishment, and the punishment assessed was within that range. In this case, unlike *Ex parte McAtee*, 599 S.W.2d 335, appellant did "receive an admonishment with respect to punishment, although not a complete one," which, under *McAtee*, "is a *prima facie* showing of a knowing and voluntary plea of guilty." On reconsideration we are of the opinion that substantial compliance with Art. 26.13, V.A. C.C.P., has been shown, and the motion for rehearing will be granted in cause 62924.

We now turn to the cocaine case, in which we held the indictment fundamentally defective. Overlooked by the briefs on both sides and by the Court, but pointed out on rehearing, was the decision in *Bishop v. State*, 568 S.W.2d 136. That case held that an indictment under the Controlled Substances Act for delivery of cocaine was not fundamentally defective for failure to identify the substance other than as "cocaine," and that cocaine although not expressly listed as a controlled substance in the Act, was included by necessary implication of the language in Art. 4476–15, Sec. 4.02(b)(3)(D), V.A.C.S. We there reasoned:

"Appellant's contention overlooks the provisions of Article 4476–15, Section 2.04, V.A.C.S. which provides that Sched-ule II substances shall consist of any of the following substances, however, produced:

" '(4) Coca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative or preparation thereof which is chemically equivalent or identical with any of these substances, but not including decocainized coca leaves or extractions which do not contain cocaine or ecgoine.'

"There is a similar definition contained in Section 4.02(b)(3)(D) placing cocaine in Penalty Group I of the Controlled Substances Act.

"Where this definition specifically includes any compound or derivative of coca leaves but excludes decocainized coca leaves or extractions which do not contain cocaine there is a necessary implication in the definition that cocaine is a derivative of or preparation from, coca leaves. This inference is strengthened by the prior provision of Article 725b, V.A. P.C. (1925) which was the predecessor of the Texas Controlled Substances Act where coca leaves were defined as including 'cocaine and any compound, manufacture, salt, derivative, mixture, or preparation or coca leaves which do not contain cocaine....' "

On original submission we relied on *Crowl v. State*, 611 S.W.2d 59 (Tex.Cr. App.1980). The decision in that case, in turn, was based on *Ex parte Wilson*, 588 S.W.2d 905, which firmly established the rule for pleadings in prosecutions under the Controlled Substances Act, Art. 4476–15, V.A.C.S. In *Wilson* we explicitly overruled several earlier cases, and stated the controlling rule:

"To state the rule generally, we hold that in a prosecution under the Controlled Substances Act for the manufacture, delivery, or possession of a substance *not specifically named in a penalty group but which is otherwise described in a penalty group* (for example, an isomer of methamphetamine), such description is an essential element of the offense which must be alleged in the indictment in order to state an offense." (Emphasis added.)

*Bishop v. State*, supra, which acknowledged that cocaine is *not specifically named* as a controlled substance and concluded it is a controlled substance by *implication* from the statutory language, is in conflict with this rule. Thus, *Bishop*, a panel opinion, was overruled sub silentio in *Wilson*, an en banc decision that expressly overruled several other decisions in conflict with the rule quoted above. We therefore adhere to our decision on original submission that the indictment in this case is fundamentally defective.

In cause 62924 the motion for rehearing is granted and the judgment is affirmed.[1] In cause 62926 the motion for rehearing is denied.

ONION, P. J., ROBERTS and CLINTON, JJ., dissent in No. 62924.

McCORMICK, J., dissents in No. 62926.

---

1. The other ground of error in cause 62924, on effective assistance of counsel, was overruled in the opinion on original submission.