**Ex parte Ernest PEREZ, Appellant.**

**No. 67972.**

Court of Criminal Appeals of Texas, En Banc.

July 15, 1981.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is an application for habeas corpus pursuant to Article 11.07, V.A.C.C.P. Petitioner was convicted for delivery of cocaine in three separate indictments.

The indictment in Cause No. F79–2705–PQ, filed on March 21, 1979, reflects an offense alleged to have been committed on March 1, 1979. Petitioner pled not guilty before a jury. Judgment was rendered on January 24, 1980, and petitioner was sentenced on February 15, 1980, to twenty-five (25) years in the Department of Corrections.

Indictment No. F79–2706–PQ was filed on March 21, 1979, for an offense alleged to have occurred on February 20, 1979. Petitioner pled not guilty before a jury. Judgment was rendered on January 24, 1980, and petitioner was sentenced on February 15, 1980, to seven (7) years.

Indictment No. F79–2707–PQ was filed on March 21, 1979, for an offense alleged to have occurred on February 26, 1979. Petitioner pled not guilty before a jury. Judgment was rendered on January 24, 1980, and petitioner was sentenced on February 15, 1980, to twelve (12) years.

The indictments in all three cases alleged that petitioner did unlawfully:

"knowingly and intentionally deliver a controlled substance, namely: cocaine, to [J. H.]."

On the dates alleged and proved, cocaine was not specifically named in a penalty group of the Controlled Substances Act. Article 4476–15, V.A.C.S. In *Crowl v. State*, 611 S.W.2d 59 (Tex.Cr.App.1981), this Court held that an indictment alleging possession of cocaine without alleging why cocaine is a controlled substance was fundamentally defective. The same rationale was applied by the Court to an indictment alleging delivery of cocaine without setting forth why cocaine is a controlled substance. *Taylor v. State*, 610 S.W.2d 471 (Tex.Cr. App.1981). Thus, the three indictments before us suffer the same defect condemned in *Taylor*, and are void.

The 66th Legislature amended Article 4476–15 V.A.C.S., effective August 27, 1979, to specifically list cocaine in the penalty groups. It is the State's contention that since the actual trial of petitioner on the three indictments occurred after the effective date of this amendment, the previously void indictments were injected with new life and were sufficient to support the convictions on the date of the trials.

Section 7 of the amendatory act provides:

"This Act applies only to offenses committed on or after its effective date, and a criminal action for an offense governed by the Texas Controlled Substance Act that is committed before this Act's effective date is governed by the law existing before this Act's effective date, which law is continued in effect for this purpose as if this Act were not in force." (Acts 1979, 66th Leg., ch. 598).

It is the State's position that the change created by the amendment was a procedural rather than substantive one and, as such, should control litigation from its effective date. This argument, however, ignores the holding in *Crowl v. State*, supra, that an allegation of "possession of *cocaine*", without more, did not state an offense. Possession of *cocaine*, without further description, did not become an offense until August 27, 1979. Petitioner's conduct which occurred prior to the effective date of the amendment was governed by the prior law, and the indictments are defective. See *Ex parte Ness*, 613 S.W.2d 303 (Tex.Cr.App. 1981), rehearing denied March 25, 1981.

Accordingly, the judgments of conviction set forth above are set aside and the indictments are ordered dismissed. Petitioner is ordered discharged from all further confinement under these convictions. A copy of this opinion will be sent to the Texas Department of Corrections.

It is so ordered.