**Hector SANCHEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–92–00521–CR.**

Court of Appeals of Texas,
Dallas

March 10, 1993.

John H. Hagler, Dallas, for appellant.

Angela Gholson D'Amore, Collin County, for appellee.

Before LAGARDE, BURNETT and WHITTINGTON, JJ.

## OPINION

LAGARDE, Justice.

Hector Sanchez pleaded guilty to the offense of injury to a child, a third-degree felony. The trial court deferred adjudication of Sanchez's guilt and placed Sanchez on five years' probation. As conditions of probation, the trial court ordered Sanchez confined for 60 days in the county jail, assessed a $1,000 fine, and ordered Sanchez to perform 160 hours of community service. In two points of error, Sanchez claims that his guilty plea was not voluntarily made and that the trial court erroneously admonished him on the punishment range attached to the offense. We overrule Sanchez's points and affirm the trial court's judgment.

## VOLUNTARINESS OF THE PLEA

### 1. Relevant facts

██ In his first point of error, Sanchez asserts that his plea was involuntary because he did not know that the trial court could impose confinement as a condition of deferred adjudication probation. Prior to accepting Sanchez's guilty plea, the trial court admonished Sanchez as required by article 26.13 of the code of criminal procedure. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1989 & Supp.1993). The trial court asked Sanchez if he understood that "should I by remote chance grant your Motion for Deferred Adjudication and at some point ... you violate any of the conditions of probation, which I plan to place you on, that the full range of punishment would be open to this Court." Sanchez indicated that he understood. Sanchez waived his right to a jury trial and pleaded guilty. In response to questions from his attorney, Sanchez testified that he understood the trial court could "give you twenty years, ... shock probation, ... boot camp [or] ... deferred adjudication." Sanchez asked the trial court to grant his motion for deferred adjudication.

### 2. Law

██ Before accepting a plea of guilty, the trial court must admonish a defendant seeking deferred adjudication of the consequences of a violation of deferred adjudication probation. *See* TEX.CODE CRIM.PROC. ANN. art. 42.12, § 5(a), (b) (Vernon Supp. 1993); *Price v. State,* 846 S.W.2d 37, 39 (Tex.App.—Dallas 1992, pet. granted). The trial court is not, however, required to admonish a defendant of all possible conditions of deferred adjudication. *See Shields v. State,* 608 S.W.2d 924, 927 (Tex.Crim. App. [Panel Op.] 1980); *McNew v. State,* 608 S.W.2d 166, 177 (Tex.Crim.App.1980) (opinion on motion for reh'g). If, however,

the trial court volunteers information concerning probation, it is under an affirmative duty to provide accurate information. *Ex parte Williams,* 704 S.W.2d 773, 776 (Tex.Crim.App.1986).

### 3. Application of law to facts

The judge told Sanchez that, if Sanchez received deferred adjudication and subsequently violated a condition of probation, the full range of punishment was available. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a), (b) (Vernon Supp.1993). Sanchez does not assert that the trial court's article 42.12, section 5(a), (b) admonishment was deficient. *Cf. Price,* 846 S.W.2d at 39. Rather, Sanchez complains that the trial court failed to provide him with information concerning all of the possible conditions of deferred adjudication probation. The trial court was not required to admonish Sanchez concerning the possible conditions of deferred adjudication. *See Shields,* 608 S.W.2d at 927; *McNew,* 608 S.W.2d at 177. Sanchez does not claim that the trial court affirmatively misinformed him. *Cf. Harrison v. State,* 688 S.W.2d 497, 499 (Tex.Crim.App.1985). Sanchez requested deferred adjudication probation and indicated that he understood conditions would be imposed if he received it. The trial court did not err by failing to recite all possible conditions of deferred adjudication probation prior to accepting Sanchez's plea. We overrule Sanchez's first point of error.[1]

## THE ADMONISHMENTS

### 1. Relevant facts

██ In his second point of error, Sanchez claims that the trial court erroneously admonished him concerning the punishment range attached to the offense and that, consequently, his plea was involuntary and must be set aside. The trial court

---

1. In our review of the record, we perceive one claim which could have been raised on appeal in this case: that imposing confinement as a condition of deferred adjudication probation was unreasonable because the incarceration stems from an offense for which there has been no conviction. *See Ex parte Shillings,* 641 S.W.2d 538, 540 (Tex.Crim.App.1982). Using liberal rules of construction, we cannot construe appellant's brief as raising this point. As recognized by the Texas Court of Criminal Appeals, situations such as this place us in a precarious position. *See Banda v. State,* 768 S.W.2d 294, 296 n. 2 (Tex.Crim.App.1989). For the reasons set forth in *Banda,* we restrict our review to the points raised by Sanchez. *See id.*

admonished Sanchez that the range of punishment attached to the offense was two to twenty years' confinement and a fine not to exceed $10,000. In fact, the punishment range for a third-degree felony is two to ten years' confinement and a fine not to exceed $10,000. *See* TEX.PENAL CODE ANN. § 12.34 (Vernon Supp.1993).

### 2. Law

Article 26.13(a)(1) of the code of criminal procedure provides that "[p]rior to accepting a plea of guilty or a plea of nolo contendere, the court *shall* admonish the defendant of ... the range of punishment attached to the offense." TEX.CODE CRIM. PROC.ANN. art. 26.13 (Vernon 1989 & Supp. 1993) (emphasis added). The purpose of this article is to assure that the defendant does not plead guilty without a full understanding of the charges against him and the consequences of his plea. *Basham v. State*, 608 S.W.2d 677, 678 (Tex.Crim.App. [Panel Op.] 1980). Where an admonishment is given, albeit an erroneous one, substantial compliance will be deemed to have occurred, and the burden shifts to the defendant to show he entered his plea without understanding the consequences and was harmed. *Ex parte Smith*, 678 S.W.2d 78, 79 (Tex.Crim.App.1984); *DeVary v. State*, 615 S.W.2d 739, 740 n. 1 (Tex.Crim. App. [Panel Op.] 1981); *Ex parte McAtee*, 599 S.W.2d 335, 336 (Tex.Crim.App.1980). Accordingly, a trial court's erroneous admonishment of the maximum range of punishment may nonetheless constitute substantial compliance with article 26.13. *See Taylor v. State*, 610 S.W.2d 471, 478 (Tex. Crim.App.1980) (opinion on motion for reh'g); *see also Hurwitz v. State*, 700 S.W.2d 919, 920 (Tex.Crim.App.1985), *cert. denied*, 474 U.S. 1102, 106 S.Ct. 884, 88 L.Ed.2d 919 (1986).

In *Taylor*, the trial court erroneously admonished the defendant that the punishment range attached to the offense was two to twenty years' confinement when in fact the range was two to ten years. *See Taylor*, 610 S.W.2d at 472. The jury was charged on the proper punishment range and assessed punishment within that range. The Texas Court of Criminal Ap-

peals held that Taylor did receive an admonishment with respect to punishment, although not a complete one, and that the burden shifted to the defendant to show harm. *Id.* Taylor failed to demonstrate harm. The punishment assessed by the jury was within the proper range.

### 3. Application of law to facts

Sanchez concedes that the trial court substantially complied with article 26.13. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1989 & Supp.1993). Having determined that the trial court's admonishments substantially comply with article 26.13, we must determine whether Sanchez has shown that he was harmed or misled by the admonishments. *See Robinson v. State*, 739 S.W.2d 795, 801 (Tex.Crim.App.1987). Sanchez contends that he has met his burden of showing harm because had he known that the maximum possible punishment was ten years' confinement instead of twenty years' confinement he would not have pleaded guilty. Sanchez did not accept the State's plea bargain offer of five years' confinement. The parties did not enter into a plea bargain agreement. Consequently, Sanchez was not misled as to the actual value of any plea bargain because of the overstated maximum punishment. *Cf. Ex parte Smith*, 678 S.W.2d at 79 (the defendant alleged under oath that he would not have entered into a plea bargain if he had known that the true maximum range of punishment was ten years rather than twenty years); *Johnston v. State*, 670 S.W.2d 394, 397 (Tex.App.—Austin 1984, pet. dism'd). Sanchez was placed on deferred adjudication. Sanchez has failed to show that he was harmed by the improper admonishment. *See Ex parte Gibauitch*, 688 S.W.2d 868, 872–73 (Tex.Crim. App.1985) (per curiam) (defendant's claim that he would not have pleaded guilty had he known that the actual punishment range was two to twenty years' confinement rather than ten to ninety-nine years' or life confinement did not constitute a showing of harm rendering his plea involuntary).

Sanchez has failed to make an objective showing that he was harmed or misled by

the trial court's erroneous admonishment on the range of punishment attached to the offense. We overrule appellant's second point.

We affirm the trial court's judgment.