IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







PD-0028-02, PD-0029-02


 & PD-0030-02






DAVID BRIAN ANDERSON, Appellant



v.



THE STATE OF TEXAS






ON DISCRETIONARY REVIEW OF CASES 02-00-290-CR ET SEQ.


OF THE SECOND COURT OF APPEALS


TARRANT COUNTY






 Womack, J., delivered the opinion of the court, in which Keller, P.J., and
Meyers, Price, Holcomb, and Cochran, JJ., joined. Hervey, J., filed a concurring opinion, in which Johnson and Keasler, JJ., joined.



 The issue in this case is the standard for harmless-error review when, during arraignment,
a court fails to admonish a defendant of the requirement to register as a sex offender which will
affect him after conviction.

 The appellant faced three indictments: two for aggravated sexual assaults of children and
one for indecency with a third child. He did not waive his right to trial by jury. In accordance
with Article 37.07, section 2(b), of the Code of Criminal Procedure he "filed his sworn motion
for probation before the trial," and thus the same statute required that "the punishment be
assessed by the  jury."

 He was arraigned on, and pleaded guilty to, the indictments. Article 26.13 of the Code of
Criminal Procedure requires, "Prior to accepting a plea of guilty or a plea of nolo contendere, the
court shall admonish the defendant of" four things: (1) the range of punishment attached to the
offense, (2) certain aspects of the law on plea-bargain agreements, (3) the effect that a plea-bargain agreement may have on the right of appeal, and (4) the effect that a conviction might
have on a non-citizen. (1) The article contains a fifth admonition for a defendant who is accused of
an offense that may require him to register as a sex-offender; the court must admonish such a
defendant of that consequence. (2)

 In arraigning the appellant, the court admonished him of the ranges of punishment
attached to the offenses. It did not give him the second or third admonitions because, a jury being
empaneled to assess punishment after the plea, there was no plea-bargain agreement. (3) It did not
give him the fourth admonition, apparently because there is no suggestion that the appellant was
not a citizen of the United States. The court also made some excellent inquiries to carry out its
responsibility to reject a plea of guilty if it did not appear that the appellant was mentally
competent and that his plea was free and voluntary. (4) But the court neglected to admonish the
appellant on the registration requirements for convicted sex offenders.

 The jury found the appellant guilty and assessed punishments of seventy-five years'
imprisonment in each case of aggravated sexual assault and twenty years in the indecency case.

 On appeal he complained of the failure of the court to give him the sex-offender-registration admonition. The Court of Appeals noted the error and turned to the issue of its harm.
See Anderson v. State, 63 S.W.3d 304 (Tex. App. -- Fort Worth 2001). The Court perceived a
split among the courts of appeals, in which some courts had held such an error to be harmless, (5)
and another had held it not to be harmless. (6) The Court of Appeals held that the error was
harmless because, for one thing, "sex offender registration, while serious, is a collateral consequence of appellant's guilty pleas and that the trial court's failure to admonish him regarding the
registration requirement did not render his pleas involuntary." (7) The Court added, "Further, in the
absence of evidence in the record that appellant was unaware of the consequences of his pleas
and that he was misled or harmed by the trial court's admonishment, we conclude the trial court's
failure to admonish appellant regarding the registration requirement was harmless error." (8) It
affirmed the judgments of conviction. We granted review.

 Several federal constitutional rights are involved in a waiver that takes place when a plea
of guilty is entered in a state criminal trial: the privilege granted against compulsory self-incrimination guaranteed by the Fifth Amendment, and the Sixth Amendment rights to be tried
by jury and to confront one's accusers; the Due Process Clause of the Fourteenth Amendment to
the Constitution of the United States sets the standard of voluntariness for a waiver of these
important federal rights. (9) Among other constitutional requirements is one that a defendant who
pleads guilty be fully aware of certain consequences of the plea. (10) But this constitutional standard
does not require a court to admonish a guilty-pleading defendant "about every possible consequence of his plea, direct or collateral, only about those direct consequences that are punitive in
nature.  We hold that the failure to admonish appellant as to a direct, non-punitive consequence of his plea, specifically, the sex-offender-registration requirement, did not violate due
process or render his plea involuntary." (11)

 A Texas court, however, must do more than is required to meet the minimum standards of
due process of law when a defendant pleads guilty in a felony case. It also must "admonish a
defendant [who is pleading guilty]  about those direct consequences that are  specifically
enunciated in the law. See, Tex. Code Crim. Proc., art 26.13." (12) The registration requirement
for persons who are convicted of sex offenses is a direct consequence. (13) The required admonition
about the registration requirement has been specifically enunciated in Article 26.13 since
September 1, 1999. (14) The issue in this case is not constitutional error; it is a violation of Article
26.13's prescribed admonition.

 For such violations, Article 26.13(c) itself contains a directive to appellate courts:

 In admonishing the defendant as herein provided, substantial compliance by the
court is sufficient, unless the defendant affirmatively shows that he was not aware
of the consequences of his plea and that he was misled or harmed by the admonishment of the court.


"There is a large gray area between letter-perfect compliance and total failure to admonish," (15)
and questions of substantial compliance arise in that gray area. Here we are in the pure black area
of total failure to admonish on the sex-offender registration requirement.

 When there is insufficient admonition, whether by total failure to admonish or an
admonition that is not in substantial compliance, the violation of Article 26.13 comes within the
standard of Rule of Appellate Procedure 44.2(b): "Any other [than constitutional] error, defect,
irregularity, or variance that does not affect substantial rights must be disregarded." (16)

 Whether an error was in violation of a "mandatory" statute has no place in the analysis
under Rule 44.2(b). (17) The issue is whether, in a given case, the error affected substantial rights, in
which case it is not harmless error. No party should have a burden to prove harm from an error,
and there ordinarily is no way to prove "actual" harm. (18) It is important to look at the record as a
whole. In general, we look to the severity of the error in a trial, to measures taken to cure the
error, and to the certainty of conviction without the error. (19)

 When the error was in admitting evidence, we have said, "A substantial right is affected
when the error had a substantial and injurious effect or influence in determining the jury's
verdict. Kotteakos v. U.S., 328 U.S. 750, 776 (1946)." We decided, "In light of the properly
admitted evidence [on the issue of fact], we find that the complained of documents in the present
case did not have a substantial or injurious influence on the jury's decision." (20)

 When the error was in sustaining a challenge for cause, we held that no substantial right
was affected so long as the jury that remained in the box was lawfully constituted. (21)

 The question for us to decide in applying Rule 44.2(b) to the failure to give an admonition
is, considering the record as a whole, do we have a fair assurance that the defendant's decision to
plead guilty would not have changed had the court admonished him?

 When courts have failed to admonish guilty-pleading defendants on the immigration
consequence of conviction, we have held the error was harmless error when the record showed
that a defendant was a citizen of the United States. (22) Obviously the admonition would not have
changed the citizen's decision to plead guilty. But when the record showed that the defendant
was not a citizen, even though he was subject to deportation as an illegal immigrant, we held the
error was not harmless. (23) Why? The criminal conviction puts such an alien "clearly at a greater
disadvantage if subject to deportation as a criminal deportee rather than one who has an expired
permit." (24) We could not be assured that, aware of the greater disadvantage, the alien defendant
would have pleaded guilty.

 In this case, the admonition that was omitted was about the registration requirement for a
defendant who is convicted of certain sex offenses. What is the requirement? Basically it is that
the person inform his local law enforcement authority of his whereabouts, so that law enforcement authorities can inform the public. A person who has a reportable conviction must register
with the local law enforcement authority in any municipality or county in which he resides or
intends to reside. (25) The authority must publish, in the newspaper of greatest circulation, two
notices that include the photograph and residence address of the person, a brief description of the
person's offense, and the person's "risk level." (26) The authority must give notice to public and
private school administrators. (27) If the person is in the highest risk level, notices must be delivered
to every residence in an area surrounding his residence. (28) The Department of Public Safety
maintains a database of registrations that is available to the public through the internet. (29) These
are not inconsiderable consequences for a convicted person.

 Of course, if the appellant already were aware of the registration requirement, the effect
of the court's error on his decision to plead guilty would be much less. In this case, the defense
relied on it as part of the appellant's case to have the jury recommend a probated sentence.

 The appellant introduced the evidence of a probation officer, who testified about the
registration requirement. The witness told the jury that if the defendant was put on probation he
would be required to register as a sex offender for the rest of his life, that a person with more
than one conviction would have to register every 90 days, that there was newspaper publication,
that there was a website run by the Department of Public Safety, that there would be risk
assessment, and that if a person was in the highest level of risk, everyone in a certain radius of
the appellant's residence would be notified.

 The same witness testified about other conditions of probation that the judge of the court
usually imposed on sex offenders, and he testified about the specialized caseloads for probation
officers who supervised sex offenders.

 The appellant also introduced the testimony of a "psychotherapist" who was counseling
the appellant. He specialized in the treatment of sexual offenders, and he said he was "among the
tougher therapists." His opinion was that the appellant "would be compliant with the rules of
probation." He said that the appellant "believes he would probably go to prison." 

 The calling of these witnesses for the defense in the punishment hearing is some, but not
conclusive, evidence from which to infer that the appellant had personal knowledge of the
registration requirement at the relevant time, which is the time at which he entered his plea of
guilty.

 In considering the effect of the court's error on the appellant's decision to plead guilty,
we also consider the strength of the evidence of guilt. The appellant gave police a handwritten
confession which read, "I, David B. Anderson, am guilty of sexual abusing [sic] kids since I was
twelve years old. I wish I didn't and can't apologize enough. R, St, M, A, B, Sa,
[girls' names] were abused by me. I made a video."

 Police found the videotape when they executed a search warrant in the appellant's
residence. It showed him abusing the girls. When he and the police investigator watched the
videotape, the appellant "obtained an erection."

 The mother of M and B testified. She met the appellant at a church function. He had
a daughter, too. He asked if her girls could come over and visit his daughter. She let M (who
was ten years old) and B (who was five) spend the night at the appellant's house "probably
five" times. The appellant rubbed suntan lotion on the girls. M told her mother that the
appellant put his finger inside M's private area. She told the jury, too. He only rubbed the
outside of B's privates.

 A's mother testified that she met the appellant in Sunday school. A was six when she
spent the night at the appellant's house. A told the jury he put his hand on the outside and the
inside of her "baby hole. It felt bad and it really, really hurt." There were almost always other
girls there when it happened.

 St and R were the daughters (by another man) of a woman with whom the appellant
had his daughter. R, who was ten, told the jury that the appellant touched her privates with his
hand when she was seven. She and St were visiting the appellant's house. She wasn't sure how
many times it happened.

 Sa's mother testified that she met the appellant at Sunday school. The appellant's
daughter spent the night at her house fifteen to twenty times, and her daughter (who was nine at
the time of the trial) spent the night at the appellant's house fifteen to twenty times. Sa's
mother had seen a videotape of Sa, nude, sitting on the appellant's lap with her legs spread
open.

 There was other evidence of guilt, but we need not go into it. There was no evidence that
the appellant was not guilty.

 Considering the record as a whole, we have fair assurance that no substantial right
involving the appellant's decision to plead guilty was affected by the trial court's error in failing
to admonish him of the registration requirement for convicted sex offenders. By the standard of
Rule of Appellate Procedure 44.2(b), the error was harmless.

 We affirm the judgments of the courts below.


En banc.

Delivered January 18, 2006.

Publish.
1. See Code Crim. Proc. art. 26.13(a)(1)-(4).
2. See id., at (a)(5).
3. See Richards v. State, 562 S.W.2d 456, 458 n.1 (Tex. Cr. App. 1978) ("Plea of guilty was before a jury
and therefore obviates the necessity of admonishing appellant that the prosecuting attorney's recommendation was
not binding on the court.").
4. See Code Crim. Proc. art. 26.13(b).
5. See Anderson, 62 S.W.3d, at 307 (citing Thompson v. State, 59 S.W.3d 802 (Tex. App. -- Texarkana
2001, pet. ref'd)); Torres v. State, 59 S.W.3d 365 (Tex. App. -- Houston [1st Dist.] 2001, pet. ref'd); and Ducker v.
State, 45 S.W.3d 791 (Tex. App. -- Dallas 2001, no pet.)).
6. See ibid. (citing Shankle v. State, 59 S.W.3d 756 (Tex. App. -- Austin 2001), vacated on other grounds,
119 S.W.3d 808 (Tex. Cr. App. 2003)).
7. Ibid.
8. Ibid.
9. See Boykin v. Alabama, 395 U.S. 238 (1969).
10. See Brady v. United States, 397 U.S. 742 (1970).
11. Mitschke v. State, 129 S.W.3d 130, 136 (Tex. Cr. App. 2004).
12. Ibid.
13. Ibid.
14. See Act of June 19, 1999, 76th Leg., R.S., ch. 1415, § 1, 1999 Tex. Gen Laws 4831, 4831 (requiring
admonition); id., § 33, 1999 Tex. Gen. Laws, at 4843 (effective date).
15. Taylor v. State, 610 S.W.2d 471, 478 (Tex. Cr. App. 1980) (on rehearing en banc).
16. Aguirre-Mata v. State, 980 S.W.2d 653 (Tex. Cr. App. 1999) (admonition on range of punishment);
Carranza v. State, 980 S.W.2d 653 (Tex. Cr. App. 1998) (admonition of immigration consequences)..
17. Hawkins v. State, 135 S.W.3d 72 (Tex. Cr. App. 2004).
18. Ovalle v. State, 13 S.W.3d 774, (Tex. Cr. App. 2000). Accord, Johnson v. State, 43 S.W.3d 1, 4 (Tex.
Cr. App. 2001).
19. Mosley v. State, 983 S.W.2d 249, 259 (Tex. Cr. App. 1998).
20. King v. State,953 S.W.2d 266, 270 (Tex. Cr. App. 1997).
21. Jones v. State, 982 S.W.2d 386, 394 (Tex. Cr. App. 1998).
22. Cain v. State, 947 S.W.2d 262 (Tex. Cr. App. 1997).
23. Carranza, supra note 16.
24. Id., at 658.
25. See Code Crim. Proc. arts. 62.02, 62.03.
26. See ibid.
27. See ibid.
28. See id., art. 62.045.
29. See id., art. 62.08.