HAMILTON NATIONAL BANK ET AL. *v.* ALVIN SHIPP,
COUNTY TRUSTEE.*

(*Nashville.* December Term, 1929.)

Opinion filed February 3, 1930.

---

*Corpus Juris-Cyc References:. Taxation, 37Cyc, p. 889, n. 19; p. 1265, n. 21.

312

Sizer, Chambliss & Sizer, for complainant, appellees.

Goins & Gammon and Will F. Chamlee, for defendant, appellant.

Mr. Justice Swiggart delivered the opinion of the Court.

The Hamilton National Bank and J. Howard Pardue, complainants and appellees, are the administrators of the estate of E. S. Pardue, deceased. Their original bill was filed to enjoin as void an assessment made by the appellant, as trustee for Hamilton County, of property belonging to the estate of E. S. Pardue for the years 1926-1929 inclusive.. The original bill avers that all of the property assessed by the county trustee consists of bonds, as defined in the Income Tax Statute, Public Acts 1929, chapter 86; and it is averred that all such property is withdrawn from assessment for *ad valorem* taxation, not only for the year 1929, but for preceding years.

A demurrer was filed by the county trustee on October 1, 1929, and thereafter, on October 23d, the original bill was amended so as to allege that the property of the estate assessed by the county trustee included money on deposit as well as the bonds described in the original bill.

The record does not recite that the demurrer was amended, and no order was entered that the demurrer should be considered as having been filed to the amended bill.

The chancellor rendered a decree overruling the demurrer on the ground "that notes and bonds as defined in said Acts of 1929 (chapters 86 and 116), upon whose income an income tax is imposed, as provided in said Acts, are not subject to assessment for *ad valorem* tax either for the year 1929 or any preceding year; and that the act of the defendant in undertaking to assess said properties as alleged in the bill, was without authority of law and was void."

· From this decree overruling the demurrer the chancellor granted the county trustee a discretionary appeal, in support of which assignments of error have been filed in this court.

It is apparent that the chancellor did not consider the demurrer as directed to the amendment of the bill, attacking the assessment by the county trustee of money on deposit; and the authority and power of the county trustee to make such an assessment is not properly before this court on the appeal.

The transcript of the record includes the opinion filed by the learned chancellor, which is as follows:

"In this cause I have had the benefit not only of the argument of able solicitors *pro* and *con* appearing in the cause, but also of the opinions of the State's Attorney-General and other distinguished lawyers of the capitol city who have given the subject study.

■ "Chapter 86 of the Acts of 1929 so amended the assessment act of 1907 as to omit stocks and bonds of the kind described from the list of properties that should be assessed for taxes *ad valorem*, and put them in a class to themselves to be taxed only in respect of the income therefrom. That this could be constitutionally done was de-

termined in the case of *Shields* v. *Williams*. From the date of the passage of that act no authority has existed to assess this character of property *ad valorem*. Not only so, but Section 3 of Amendatory Chapter 116, of the Acts of 1929, expressly forbade its assessment in this manner and by consequence forbade its back assessment, for a back assessment is but one kind of assessment. That the effect was to allow some property, which, if known, might have been assessed *ad valorem* but was not, to escape any taxation for the years 1926, 1927 and 1928 does not render the Act unconstitutional any more than the Act of 1885 fixing the three-year limit was unconstitutional. The Act is general, but its effect varies in particular instances.

"Since the proceedings complained of to assess complainant's property *ad valorem* for 1929 and back assess it for the years 1926, 1927 and 1928 were not begun until after the passage of the Acts of 1929, Section 61 of Shannon's Code has no application.

"The assessment being void, complainant is entitled to the remedy of injunction.

"Demurrer overruled.

"GARVIN,

"11/25/29. "Chancellor."

█ The jurisdiction of the chancery court to enjoin the enforcement of an assessment which is void because the property assessed was not subject to assessment, has heretofore been recognized by this court. *Nashville Labor Temple* v. *City of Nashville*, 146 Tenn., 429; *Express Company* v. *Patterson*, 122 Tenn., 279.

█ In *Express Company* v. *Patterson, supra,* this court held also that the constitutional provision requiring uniformity of taxation is not self-executing, and that "be-

fore any property can be valued and assessed for taxation a proper method and machinery for such valuation and assessment must be provided." The court held in that case that because the statute had not provided a method for the assessment of the intangible assets of the complainant corporation, the county trustee was without power to make an assessment of its intangible property, and the proceeding instituted for that purpose was accordingly enjoined.

We are of the opinion that the cases cited support the ruling made by the chancellor herein. At the time the county trustee made the assessment complained of, the provisions of the General Assessment Law, Acts 1907, chapter 602, had been amended so as to exclude from the several classifications of personal property, subject to assessment for *ad valorem* taxation, stocks and bonds, the income from which is taxed by chapter 86 of the Public Acts of 1929.

The conclusion of the chancellor that assessment for preceding years, or back assessments, were put beyond the authority of State and county offices by this amendment of the General Assessment Law, as well as current assessments, is in harmony with the declared policy of the State as evidenced by chapter 27 of the Public Acts of 1929 (Extra Session), section 6, which expressly forbids back assessments for *ad valorem* taxation of stocks or bonds, upon the income from which a tax is imposed by the Acts of 1929, chapter 86, as amended.

The decree of the chancellor is accordingly affirmed, and the cause is remanded for further proceedings. The cost of the appeal will be adjudged against the appellant.