United States Court of Appeals,

Fifth Circuit.

Summary Calendar

Nos. 94-40295, 94-50337.

Richard James RANDLE, Petitioner-Appellant,

v.

Wayne SCOTT, Director, Texas Department of Criminal Justice,
Institutional Division, Respondent-Appellee.

Richard James RANDLE, Petitioner-Appellant,

v.

Wayne SCOTT, Respondent-Appellee.

Feb. 1, 1995.

Appeal from the United States District Court for the Eastern
District of Texas.

Appeal from the United States District Court for the Western
District of Texas.

Before JONES, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:

This is a consolidated appeal from denials of federal habeas
relief in similar proceedings instituted in the Western District
and the Eastern District of Texas. Both appeals involve virtually
identical ineffective assistance of counsel arguments arising from
Richard James Randle's plea of "true" to an enhancement conviction
and his concealment from his counsel and the district courts that
he had previously obtained the reversal of the conviction used to
enhance his sentence in both cases. In each case, we AFFIRM the
decision of the district court denying relief.

1

*FACTS*

In 1982 Richard James Randle, proceeding *pro se,* filed an application for a state writ of habeas corpus on the grounds that one count of his three-count robbery conviction was improperly enhanced by a 1975 forgery conviction which was void because it was based on a fundamentally defective indictment. The Texas Court of Criminal Appeals agreed and set aside the first count of the robbery conviction.[1]

Notwithstanding his successful challenge to a count in his 1981 conviction because of the 1975 forgery conviction, Randle plead guilty in 1993 to separate indictments in Anderson County, Texas and in Leon County, Texas. In each instance Randle plead true to enhancement paragraphs in such indictments based on the 1975 forgery conviction and his 1981 robbery conviction.

*THE ANDERSON COUNTY CONVICTION AND PROCEEDINGS IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS*

*(No. 94-40295)*

In March 1993, Randle pleaded guilty in Anderson County, Texas, to robbery and "true" to enhancement paragraphs therein for the 1975 forgery conviction and the 1981 robbery conviction; on March 26th, he was sentenced to 35 years' imprisonment and is currently in the custody of the Texas Department of Criminal Justice. No direct appeal was filed.

---

[1]The magistrate judge's report in No. 94-40295 notes that "[o]n remand Petitioner pled [sic] guilty and was sentenced, without the enhancement paragraph, to thirty-five years confinement in the Texas Department of Corrections for count one."

2

On March 30th, four days after he was sentenced, Randle filed a state writ for habeas relief, arguing that the enhancement for the 1975 forgery conviction was improper because the underlying conviction was void.  The pleading was prepared on March 27th, the day after sentencing.  His application was denied without a written order by the Texas Court of Criminal Appeals on June 9, 1993.

On June 16th Randle filed a petition for federal habeas relief asserting that (1) the state court's enhancement based on the 1975 forgery conviction was improper because the conviction was void and (2) he did not receive effective assistance of counsel because counsel failed to investigate the validity of the enhancement convictions and failed to advise him as to the correct sentencing range because the improper enhancement was used to calculate the sentence.

In an affidavit attached to the state's motion to dismiss and answer, Randle's trial counsel stated that (1) prior to the entry of the guilty plea, but not at any time thereafter, Randle asked him to investigate whether one of the enhancement convictions had been reversed;  (2) Randle did not advise him that he "personally filed the state writ which had resulted in the reversal" of the conviction nor did he make him aware of the opinion of the court;  (3) shortly after making the request, Randle advised him that he wanted to accept the plea offer;  (4) he specifically asked Randle whether he should pursue the investigation, and Randle said that he should not;  (5) on the morning before sentencing, he met with Randle and explained the ramifications of the plea, including the

3

waiver of any complaints he might have respecting the proceedings; (6) the judge read the enhancement provisions to Randle in open court, explained their effect, and asked Randle specifically how he wished to plead, and Randle "stated "True' to each one without reservation in open court and on the record."  Attached to the affidavit are several letters written by Randle to the state court judge asking him, *inter alia,* to allow Randle to enter into the plea bargain "as soon as can be arranged."

The magistrate judge recommended denial of the petition without an evidentiary hearing, determining that Randle waived his right to challenge the enhancement conviction when he pleaded "true" and that he did not receive ineffective assistance of counsel.  In so concluding, the magistrate judge specifically found that "Randle made the conscious and deceitful decision to hide from trial counsel the fact that he had personally reversed the enhancement conviction [ ], in a *pro se* state writ, and then he intentionally entered a plea of true to the same conviction."  The magistrate judge also determined that Randle was aware of the forgery conviction that formed the basis of his habeas corpus efforts for several years;  that he signed the application for state habeas relief one day after his plea, conviction, and sentencing;  and that Randle's assertion that he told counsel that he had received a reversal but could not remember which one was not credible.

The district court overruled Randle's objections to the magistrate judge's findings, adopted the magistrate judge's report

and recommendation, and entered an order denying Randle's petition. Randle noticed his appeal timely, and the district court granted a certificate of probable cause.

*THE LEON COUNTY CONVICTION AND PROCEEDINGS IN THE DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS*

*(No. 94-50337)*

In February 1993, Randle pleaded guilty to delivery of a controlled substance; although the indictment contained two enhancement paragraphs for the 1975 forgery conviction and the 1981 robbery conviction, the judgment reflects that the enhancements were waived by the state. Randle was sentenced to 25 years' imprisonment and is currently in the custody of the Texas Department of Criminal Justice.

On March 30, 1993, Randle filed a state writ for habeas relief, arguing that he did not receive effective assistance of counsel. His application was denied without a written order by the Texas Court of Criminal Appeals on June 9, 1993.

On June 18, 1993, Randle filed a petition for federal habeas relief asserting that his guilty plea was involuntary and unknowing because he did not receive effective assistance of counsel. He alleges that his lawyer failed to investigate the validity of the enhancement convictions and failed to advise him as to the correct sentencing range because the improper enhancement was used to calculate the sentence. Randle moved the court for an evidentiary hearing.

In an affidavit attached to the respondent's motion for summary judgment, Randle's trial counsel stated that (1) prior to

5

the entry of the guilty plea, but not at any time thereafter, Randle asked him to investigate whether one of the enhancement conviction had been reversed; (2) Randle did not advise that he "personally filed the state writ which had resulted in the reversal" of the conviction nor did he make him aware of the opinion of the court; (3) shortly after making the request to investigate the validity of the enhancement conviction, Randle advised him that he wanted to accept the plea offer; and (4) he specifically asked Randle whether he should pursue the investigation and Randle said that he should not. Attached to the affidavit are several letters written by Randle to the state court judge asking him, *inter alia,* to allow Randle to enter into the plea bargain "as soon as can be arranged."

The magistrate judge recommended denial of the petition without an evidentiary hearing, determining, that Randle did not receive ineffective assistance of counsel when counsel's performance was considered in light of all of the circumstances surrounding the plea bargain because Randle suggested on only one occasion that one of his enhancement convictions may have been reversed and should be investigated and then diverted counsel's attention away from investigation by pressing for a plea bargain. In so concluding, the magistrate judge specifically noted that "[t]he judgment in the Anderson County case reflects that the terms of the plea bargain included the provision that Petitioner's 35 year sentence would run concurrently with the sentence in the [instant case]." The magistrate judge also determined that, based

6

upon the information available to him at the time, counsel's advice that Randle was facing a minimum sentence of 25 years was accurate and not outside the range of reasonable professional assistance in the circumstances (that "he failed to inform either his court-appointed attorney or the respective courts that one of the prior felony convictions" was held to be void over ten years earlier), and that Randle presented "no facts to support his patently self-serving assertion" that he would not have pleaded guilty and insisted upon going to trial.

The district court overruled Randle's objections to the magistrate judge's findings, adopted the magistrate judge's report and recommendation, and entered an order denying Randle's petition. Randle noticed his appeal timely, and the district court granted a certificate of probable cause.

*THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM*

In each appeal, Randle contends that his lawyer's failure to investigate the validity of the enhancement convictions and his erroneous advice respecting the range of punishment constituted ineffective assistance of counsel. This Court reviews ineffective-assistance claims to determine whether counsel's performance was both deficient and prejudicial to the defendant. *U.S. v. Gipson,* 985 F.2d 212, 215 (5th Cir.1993) (*citing Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984)). *Hill v. Lockhart,* 474 U.S. 52, 57-58, 106 S.Ct. 366, 369-70, 88 L.Ed.2d 203 (1985), applied the two-prong *Strickland* test to cases involving guilty pleas; a petitioner must show not

7

only deficient performance, but also that he would not have pleaded guilty but for the error. *Id.*

Randle alleges that he would not have pleaded guilty had counsel not been ineffective. "[E]ffective assistance of counsel on the entry of a guilty plea requires that counsel ascertain whether the pleas are entered voluntarily and knowingly." *U.S. v. Diaz,* 733 F.2d 371, 376 (5th Cir.1984). "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Cook v. Lynaugh,* 821 F.2d 1072, 1078 (5th Cir.1987). The scope of the attorney's duty to investigate may be limited by a defendant's lack of cooperation. *Bell v. Watkins,* 692 F.2d 999, 1009 (5th Cir.1982), *cert. denied,* 464 U.S. 843, 104 S.Ct. 142, 78 L.Ed.2d 134 (1983).

The record with respect to the Anderson County conviction supports the district court's determination that Randle did not demonstrate that his lawyer was ineffective because Randle deliberately failed to disclose his reversal of his 1975 forgery conviction and he also instructed his counsel to stop pursuing the matter in order that he might enter a guilty plea "as soon as [could] be arranged." Randle's previous litigation grounded on the same argument and his state habeas petition filed four days after he was sentenced show that he was fully aware, not only that the enhancement conviction was void, but also the exact ramifications thereof. Accordingly, Randle's misrepresentation to his lawyer and to the district court show that his counsel's performance was not

8

deficient and outside the wide range of reasonable professional assistance. *See U.S. v. Cronic,* 466 U.S. 648, 656 n. 19, 104 S.Ct. 2039, 2046 n. 19, 80 L.Ed.2d 657 (1984).

Randle has similarly failed to establish that, but for his counsel's failure to discover the void conviction, his sentence would have been significantly less harsh. Randle asserts that had he known that the possible sentencing range would have been five to 99 years or life, rather than 25 to 99 years or life, he would not have agreed to a sentence of 35 years and would have insisted on going to trial. The record demonstrates that Randle received a sentence that was in the correct range of five to 99 years; that, as part of the plea agreement, a different pending case was dismissed; and in a third case, Randle received a 25-year sentence ordered to run concurrently with the instant imprisonment term. Moreover, since Randle was not led to believe that his guilty plea would reduce his maximum sentence, and even if he plead guilty in expectation of possible consequences graver than those he actually faced, such does not constitute prejudice from the alleged professional error. *See Armstead v. Scott,* 37 F.3d 202, 210-11 (5th Cir.). Accordingly, this district court did not err in dismissing Randle's ineffective-assistance claims.

Similarly, the District Court for the Western District of Texas did not err in rejecting Randle's claim of ineffective assistance of counsel as the record supports that determination. Although Randle conclusionally asserts for the first time on appeal that he did disclose his reversal of the 1975 forgery conviction to

9

his lawyer, that assertion is contradicted by counsel's affidavit, and is further belied by Randle's failure so to contend prior to the district court's determination that Randle did not disclose the invalid conviction to his lawyer or the district court. Accordingly, the district court did not err when it determined, in light of all of the circumstances, that counsel's performance was neither deficient nor outside the wide range of reasonable professional assistance. *See U.S. v. Cronic,* 466 U.S. 648, 656 n. 19, 104 S.Ct. 2039, 2046 n. 19, 80 L.Ed.2d 657 (1984).

Randle also failed to establish that, but for his counsel's failure to discover the void conviction, his sentence would have been significantly less harsh. Randle asserts without explanation that had he known that the possible sentencing range would have been 15 to 99 years or life, rather than 25 to 99 years or life, he would not have agreed to a sentence of 25 years and would have insisted on going to trial. The record demonstrates that Randle received a sentence that was in the correct range of 15 to 99 years; and that as part of the plea agreement, in a pending case in Anderson County, Randle received a 35-year sentence ordered to run concurrently with the instant imprisonment term. Heretofore, we find no prejudice is shown from the alleged professional error of counsel.

*OTHER ARGUMENTS*

We have considered Randle's other arguments and contentions in these two appeals, and find them to be without merit for the reasons set forth below.

10

I.  An objection to the use of a "prior invalid conviction for enhancement purposes" is waived when a plea of guilty is entered to the enhancement charged.  *Scott v. Maggio,* 695 F.2d 916, 922 (5th Cir.), *cert. denied,* 463 U.S. 1210, 103 S.Ct. 3544, 77 L.Ed.2d 1393 (1983);  *see also Long v. McCotter,* 792 F.2d 1338, 1340 (5th Cir.1986).  Accordingly, the district court did not err in determining that Randle's plea of true to the enhancement conviction in Anderson County barred his later challenge of the conviction of the grounds that the enhancement conviction was void and should not have been used to enhance his punishment.

II. Because we find the record in each case clearly adequate to fairly dispose of Randle's allegations of ineffective assistance in each case, evidentiary hearings were unnecessary.  *U.S. v. Smith,* 915 F.2d 959, 964 (5th Cir.1990);  Rules Governing § 2254 Cases in the U.S. District Courts, Rule 8(a).

III.  Finally, we reject Randle's claim made in Case No. 94-50337 that a summary judgment motion is inappropriate in a habeas corpus proceeding.  We recognize summary judgment proceedings as an appropriate mode used by the district courts of this Circuit in habeas corpus proceedings.  Rule 11 of the Rules Governing § 2254 Cases in the United States provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules."  Randle fails to point out any rule or procedure in the § 2254 rules which is inconsistent with the summary judgment procedure allowed by the Federal Rules of Civil

11

Procedure.[2]

The judgments of the district courts are in each case AFFIRMED.

---

[2]We note that the motion for summary judgment motion filed by respondent contained responses to the allegations as required by Rule 5 of the Rules Governing § 2254 Cases.