IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40921
Summary Calendar
_____


THOMAS C. SAWYER,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-94-CV-134
- - - - - - - - - -
April 17, 1997
Before KING, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:*

     Thomas Sawyer, #579557, appeals from the district court's

denial of his petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254.  We have reviewed the record and the briefs and

AFFIRM the district court's grant of summary judgment in favor of

the Respondent and denial of habeas relief.  Sawyer's contention

that the trial court abused its discretion by denying his motion

     * Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

for a new trial based on newly discovered evidence is not a ground for relief on federal habeas corpus. See Jacobs v. Scott, 31 F.3d 1319, 1324 (5th Cir. 1994), cert. denied, 115 S Ct. 711 (1995). Sawyer's jury-misconduct arguments fail because he does not show that the alleged misconduct prejudiced his right to a fair trial. See Drew v. Collins, 964 F.2d 411, 415-16 (5th Cir. 1992), cert. denied, 509 U.S. 925 (1993). His contention that the trial court improperly instructed the jury to continue deliberating and his challenge to the sufficiency of the evidence are procedurally barred. See Boyd v. Scott, 45 F.3d 876, 879-80 (5th Cir. 1994), cert. denied, 115 S. Ct. 1964 (1995). The trial court's failure to appoint counsel to file a petition for discretionary review did not violate Sawyer's right to equal protection. See Wainright v. Torna, 455 U.S. 586, 587-88 (1982); Ross v. Moffitt, 417 U.S. 600, 614-15 (1974). Sawyer's failure to raise his Batson claim at trial precludes review of this claim. See Ward v. Whitley, 21 F.3d 1355, 1366 (5th Cir. 1994), cert. denied, 115 S. Ct. 1257 (1995). Nor was Sawyer was denied a fundamentally fair trial based upon the prosecutor's remarks during closing argument. See Darden v. Wainwright, 477 U.S. 168, 181 (1986). Further, Sawyer is barred from challenging his sentence enhancement. See Randle v. Scott, 43 F.3d 221, 226 (5th Cir.), cert. denied, 115 S. Ct. 2259 (1995). Finally, Sawyer's complaint that the district court failed to rule on his amended motion for relief from judgment is moot.

Sawyer's motion for appointment of appellate counsel is

DENIED.