IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-10061

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

                        versus

WILLIE MAE CALMES,

                                    Defendant-Appellant.

_____

Appeal from the United States District Court
For the Northern District of Texas
(4:96-CV-715)

_____

April 16, 1998

Before WISDOM, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

        On appeal, Willie Mae Calmes, who pleaded guilty to possession
with intent to distribute cocaine, raises two claims of ineffective
assistance of counsel.  We reject her claims of error and AFFIRM
the conviction and sentence imposed.


                                I.

_____

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 1992, Willie Mae Calmes, now a federal prisoner, pleaded guilty to a one-count indictment charging her with possession with intent to distribute cocaine. The district court sentenced Calmes to 78 months of imprisonment and four years of supervised release. Calmes did not file an appeal.

In October 1996, Calmes filed a motion pursuant to 28 U.S.C. § 2255, seeking to vacate her sentence. She contended that she received ineffective assistance of counsel because counsel did not file an appeal after she asked him to do so and failed to raise on appeal his objections to the use of a prior conviction to enhance her criminal history category.

The district court denied Calmes's motion without conducting an evidentiary hearing. The court ruled that Calmes's criminal history category had not been in error, and therefore, counsel's failure to object to the criminal history category at sentencing or in an appeal did not evidence deficient performance.

Calmes timely filed her notice of appeal from the district court's judgment denying her §2255 motion.[1]

This court granted Calmes's request for a certificate of appealability (COA) on May 14, 1997. United State v. Calmes, No. 97-10061 (5th Cir. May 14, 1997). In the same order, this court remanded the case to the district court for the limited purpose of determining whether the actions of Calmes's trial attorney amounted

---

[1] The district court also granted Calmes's motion to proceed in forma pauperis (IFP) on appeal.

2

to denial of an appeal, thereby justifying a presumption of prejudice in her ineffective-assistance claim.

On remand, the district court conducted an evidentiary hearing via telephone. Appearing at the conference were Calmes, Calmes's trial attorney, D. Lanty McCartney III, and government attorney, Chris Curtis. After the hearing, the district court entered a written order determining that Calmes did not ask her attorney to appeal her conviction until two or three months after she was sentenced. Consequently, counsel's actions did not amount to a denial of an appeal and hence her ineffective-assistance claim was without merit. Calmes timely filed her notice of appeal from this order.

II.

We first address whether Calmes's trial attorney failed to file a notice of appeal following her conviction and sentence despite her request that he do so.

This court reviews the district court's factual findings in a §2255 proceeding for clear error. United States v. Cates, 952 F.2d 149, 153 (5th Cir. 1992).

Calmes contends that she received ineffective assistance of counsel because she asked counsel to file an appeal following imposition of her sentence and he did not do so. She asserts that

counsel's failure to file her appeal amounts to a *per se* violation of the Sixth Amendment.

At the telephone conference conducted by the district court, Calmes stated that she did not know anything about an appeal until approximately two or three months after she was sentenced. She said that, two or three months after she was sentenced, she was looking through her PSR, and she wondered why her criminal history category had been increased based on two prior misdemeanor convictions. Calmes said that it was at this time that someone told her that she should appeal this issue. Until then, she thought "everything was right" concerning her conviction and sentence.

Counsel McCartney told the court that Calmes did not ask him to file an appeal at sentencing. He stated that he remembered that the court instructed Calmes on her right to appeal at sentencing, and he stated that he was confident that she understood this right of appeal. McCartney also remembered discussing the form explaining her rights with Calmes and both of them signed the form at sentencing.

Based on the statements made by Calmes and McCartney at the telephone hearing, Calmes has failed to show that the district court clearly erred in finding that she did not request an appeal until two or three months after sentencing. Accordingly, her claim of a *per se* Sixth Amendment violation must fail.

Next, we address whether Calmes received ineffective assistance of counsel because counsel failed to fully investigate her prior convictions and failed to raise on appeal his objections to the use of a prior conviction to enhance her criminal history category.

To prevail on an ineffective assistance of counsel claim, an appellant must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove deficient performance, the appellant must show that counsel's actions "fell below an objective standard of reasonableness." Id. at 688. To prove prejudice, the appellant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. Strickland, 466 U.S. at 694.

"With respect to prejudice in the context of non-capital sentencing, the . . . court must determine whether there is a probability that, but for counsel's deficiency, the defendant's sentence would have been significantly less harsh." United States v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995).

5

The issue here is whether an imposed 180-day sentence for disorderly conduct, the execution of which was suspended, can be counted as one criminal history point under U.S.S.G. §4A1.1(c).

Section 4A1.2(a)(3) provides: "A conviction for which the imposition or execution of a sentence was totally suspended or stayed shall be counted as a prior sentence under §4A1.1(c)." Section 4A1.2(c)(1), however, provides that sentences for certain listed misdemeanors, including disorderly conduct, are counted only if (A) the sentence was a term of probation of at least one year or a *term* of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense. In defining the term "*sentence* of imprisonment," the guidelines provide that, "[i]f a part of a sentence of imprisonment was suspended, `sentence of imprisonment' refers only to that portion that was not suspended." U.S.S.G. §4A1.2(b)(2).

The district court agreed that §4A1.2(b)(2) provides that the term "sentence of imprisonment" refers only to the portion that was not suspended. However, as the district court noted, §4A1.2(c)(1)(A), the provision that states that otherwise excludable misdemeanor offenses are counted if the sentence was a "term of imprisonment," does not use the term "sentence of imprisonment." Accordingly, Calmes's argument that her disorderly conduct conviction was improperly counted is without merit and her

6

trial counsel was not ineffective in failing to contest her criminal history score.

Assuming, *arguendo,* that counsel's performance was deficient, Calmes must show that her sentence would have been "significantly less harsh" without the inclusion of the disorderly conduct offense in her criminal history.  Acklen, 47 F.3d at 742.

In Spriggs v. Collins, 993 F.2d 85, 88-89 (5th Cir. 1993), this court stated that in determining whether there is a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh, a court should consider a number of factors, including:  the actual amount of the sentence imposed on the defendant by the sentencing judge or jury; the minimum and maximum sentences possible under the relevant statute or sentencing guidelines; the relative placement of the sentence actually imposed within that range; and the various relevant mitigating and aggravating factors that were properly considered by the sentencer.

Calmes's total offense level was 27.  Including the disorderly-conduct offense results in a criminal history category of II.  The applicable guidelines range for this combination is 78-97 months.  U.S.S.G., Ch.5, Pt.A, sentencing table.  The district court sentenced Calmes at the bottom of this range to 78 months imprisonment.

Removing the disorderly conduct offense from Calmes's criminal history results in a criminal history category of I. Criminal history category I, combined with Calmes's total offense level of 27, yields an applicable sentencing range of 70-87 months imprisonment. U.S.S.G., Ch.5, Pt.A, sentencing table.

Although Calmes's 78-month sentence falls within the middle of the guidelines range that would have resulted from a criminal history category I, it is only speculation that the district court would have imposed the same 78-month sentence. Given that the district court sentenced Calmes to the bottom of the applicable guidelines range for a criminal history of category II, one might assume, as Calmes contends, that the district court would have sentenced Calmes to the bottom of the applicable guidelines range for a criminal history of category I, 70 months of imprisonment. This is an eight-month, or 10.25%, reduction in sentence.

This court and other circuits have remanded for resentencing only in cases where the reduction in sentence in absolute and percentage terms is much greater. Compare Randle v. Scott, 43 F.3d 221, 225 (5th Cir. 1995) (holding that a change in sentencing range from 25-99 years or life to 5-99 years or life is not significantly less harsh); Martin v. U.S., 109 F.3d 1177, 1178 (7th Cir. 1996) (holding that a single criminal-history level increase is not significant increase in sentence); and Durrive v. U.S., 4 F.3d 548, 551 (7th Cir. 1993) (noting that a reduction in sentence from 120 months to 108 months or even 98 months is not a significant

8

difference) <u>with</u> <u>U.S. v. Acklen</u>, 47 F.3d 739, 744 n.9 (5th Cir. 1995) (holding that a change in sentencing range from 262-327 months to 108-135 months is significantly less harsh) and <u>U.S. v. Kissick</u>, 69 F.3d 1048, 1056 (10th Cir. 1995) (remanding for resentencing when the sentencing range is changed from 324-405 months to 262-327 months).

In sum, we reject Calmes's two claims of ineffective assistance of counsel and AFFIRM the conviction and sentence imposed.