United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 29, 2003**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 02-20650

_____

EDWARD GREEN,

Petitioner-Appellant,

VERSUS

JANIE COCKRELL,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(01-CV-1270)

_____

Before JONES, SMITH, and
EMILIO M. GARZA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Edward Green seeks a certificate of appeal-ability ("COA") to challenge the denial of his petition for writ of habeas corpus. Concluding that he has failed to make a substantial show-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be pub- (continued...)

[*](...continued)
lished and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ing of the denial of a constitutional right, we decline to grant a COA.

## I.

In 1992, Green shot and killed Edward Haden and Helen O'Sullivan during an attempted robbery. In 1993, he was convicted of capital murder and was sentenced to death. The Texas Court of Criminal Appeals affirmed his conviction and sentence. *Green v. State*, 912 S.W.2d 189 (Tex. Crim. App. 1995), *cert. denied*, 516 U.S. 1021 (1996).

Green filed a state application for writ of habeas corpus, alleging that his trial counsel was ineffective in failing to investigate and present certain mitigating evidence, particularly evidence that Green suffered from posttraumatic stress disorder ("PTSD"). The trial court entered findings of fact and conclusions of law recommending that relief be denied. Based on that recommendation, the Texas Court of Criminal Appeals denied Green's application. *Ex Parte Green*, No. 48,502-01 (Tex. Crim. App. Mar. 28, 2001).

On April 13, 2001, Green filed a federal habeas petition based in part on the claims of ineffective assistance. The district court denied relief and rejected Green's request for a COA. Green then filed his application for a COA with this court.

## II.

To secure a COA, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To meet this standard, Green must demonstrate that the district court's rejection of his constitutional claims was debatable or in error.[2] In

---

[2] *See Barrientes v. Johnson*, 221 F.3d 741, 772

(continued...)

evaluating whether Green has satisfied that requirement, his arguments must be "viewed through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." *Barrientes*, 221 F.3d at 772.

The claims for which Green requests a COA involve the allegedly ineffective assistance of trial counsel during the punishment phase of his trial.[3] Green contends that counsel failed to present mitigating evidence, specifically witness testimony expressing the opinion that his violent conduct is related to his troubled upbringing and the absence of a supportive family environment. Because these claims were considered and rejected during state habeas proceedings, Green is entitled to federal habeas relief only if he can demonstrate that the state court's decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

---

[2](...continued)
(5th Cir. 2000); *Hughes v. Johnson*, 191 F.3d 607, 612 (5th Cir. 1999) (citing *Fuller v. Johnson*, 114 F.3d 491, 495 (5th Cir. 1997)).

[3] In the habeas petition presented to the district court, Green asserted additional claims of ineffective assistance, as well as claims that the state introduced false testimony, suppressed exculpatory evidence, and that the court improperly failed to instruct the jury as to the possibility of life imprisonment without parole as an alternative to the death penalty. In the brief supporting his request for a COA, however, Green fails to address these claims. We address only those claims briefed, for issues not raised in a request for a COA are waived. *Hughes*, 191 F.3d at 613 (citation omitted).

28 U.S.C. § 2254(d)(1).[4]

To prevail on his claims of ineffective assistance, Green must establish both that counsel's performance was deficient and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficiency is established if counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. In making that determination, we apply a strong pre-

[4] Generally, a petitioner also may establish his entitlement to habeas relief by demonstrating that the state court adjudication *rested* on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The showing is a difficult one, because "the state court's factual determinations carry a presumption of correctness; to rebut them, the petitioner must present clear and convincing evidence to the contrary." *Smith v. Cockrell*, 311 F.3d 661, 667 (5th Cir. 2002) (citing § 2254-(e)(1)). In the context of a request for a COA, however, the question is not whether Green has, in fact, satisfied this demanding standard. *See Miller-El v. Cockrell*, 123 S. Ct. 1029, 1041-42 (2003). Rather, we must determine whether the district court's conclusion that he has failed to do so is debatable. *Id.*

Green contends that the affidavit proffered by his trial counsel lacked specificity and that, consequently, the state court's factual findings were insufficiently supported by the evidence submitted. He fails, however, to present any evidence that would tend to contradict the state court's finding that the affidavit was credible. Further, Green does not identify particular findings of fact that he believes are in error as a result of the court's consideration of the affidavit. Given the absence of any evidence of factual error, it is not even debatable that Green's conclusional allegations are insufficient to rebut the presumption of correctness applicable to state court findings of fact.

sumption "that trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Washington*, 466 U.S. at 690). Applying that standard, we conclude that Green's trial counsel did not render ineffective assistance and that the district court's denial of relief is not debatable among jurists of reason. Green therefore has failed to make a substantial showing of the denial of a constitutional right and is not entitled to a COA.

A.

Green contends that his trial counsel rendered ineffective assistance by failing to investigate and present the testimony of Leonard Cucolo and Darrel Sanders, counselors at the Texas Youth Council's Giddings State School, where Green had been incarcerated as a sex offender. Green presented affidavits in which Cucolo and Sanders detailed the testimony they would have offered if called to testify.[5]

[5] The issues surrounding the belated production of these affidavits demonstrate the soundness of our cautious approach to ineffective assistance claims based on uncalled witnesses and undeveloped testimony. *See, e.g.*, *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (stating that complaints of uncalled witnesses are disfavored because allegations concerning what a witness would have said are speculative); *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986) ("Where the only evidence of a missing witness' testimony is from the defendant, this Court views claims of ineffective assistance with great caution."). Green failed to produce affidavit support for his claims until after the district court had ruled against him. When submitted, the affidavits did not accord with Green's previous descriptions of the testimony the witnesses would have offered. The district court chose to consider these affidavits despite the

(continued...)

3

The affidavits state the therapists' shared opinion that Green's emotional and behavioral problems are attributable to the troubled circumstances surrounding his childhood and the absence of a supportive family environment. Green also argues that counsel's failure adequately to prepare Ramon Campos, a third counselor from Giddings, to testify resulted in the omission of relevant mitigating evidence. Campos filed an affidavit describing the testimony he would have given had he been adequately prepared, relating to the emotional problems Green developed as a result of the absence of family support and guidance.

As the district court noted, this is not a case in which trial counsel failed to present any punishment phase evidence. In fact, Green's attorney called several witnesses during the punishment phase, including teachers, coaches, therapists, and family members. The proffered testimony detailed various events from Green's extremely troubled childhood, including the brutal murder of his father, his mother's drug addiction, his confinement to the Giddings State School, and the resulting absence of a stable home life.

Several of the witnesses from Giddings testified that in their interaction with Green, he displayed a good attitude and had not been a discipline problem. Despite the introduction of this considerable mitigation evidence, Green contends that counsel's failure to present the therapists' testimony, and adequately to prepare Campos to testify, rendered counsel's performance constitutionally deficient.

A strategic or tactical decision not to call particular witnesses does not constitute inef-

fective assistance.[6] In his affidavit, Green's counsel stated that he chose not to present additional testimony relating to Giddings, because he did not believe it would be beneficial. If that decision was made pursuant to an adequate investigation, it cannot serve as the basis of an ineffective assistance claim.[7] Therefore, to succeed on his claim, Green must establish that the omission of the therapists' testimony was a consequence of trial counsel's deficient investigation in preparation for the punishment phase.

Counsel "has a duty to make a reasonable investigation of the defendant's case or to make a reasonable decision that a particular investigation is unnecessary." *Ransom v. Johnson*, 126 F.3d 716, 722 (5th Cir. 1997) (citing *Washington*, 466 U.S. at 691). Green's lawyer submitted an affidavit in the state habeas proceedings detailing his efforts in preparing and presenting mitigation evidence. That affidavit reflects a thoroughgoing investigation into Green's background radically different from the situation in cases in which we have found

---

[5](...continued)
absence of any explanation for their untimeliness.

[6] *Salazar v. Estelle*, 547 F.2d 1226, 1227 (5th Cir. 1977); *cf. Gray v. Lucas*, 677 F.2d 1086, 1093 n.5 (5th Cir. 1982) ("While a lawyer's failure to investigate a witness who has been identified as crucial may indicate an inadequate investigation, the failure to investigate everyone whose name happens to be mentioned by the defendant does not suggest ineffective assistance.").

[7] *Smith*, 311 F.3d at 668 ("So long as counsel made an adequate investigation, any strategic decisions made as a result of that investigation fall within the wide range of objectively reasonable professional assistance." (citation and internal quotation marks omitted)).

counsel's investigation to be deficient.[8]

### B.

Green contends that his trial counsel was ineffective in failing to introduce evidence on the effects of PTSD. His complaint centers on counsel's failure to introduce a psychological expert witness and to elicit from Campos certain testimony pertaining to PTSD.[9] Green has entirely failed to present any evidence that he suffers from PTSD, other than the Campos affidavit and his own unsubstantiated assertions. Even assuming Green suffers from the disor-

der, however, counsel's failure to present evidence relating to PTSD does not satisfy the deficiency prong of *Washington*.

Although counsel did not observe any indications of PTSD during trial and did not believe that Green's background was consistent with PTSD, he did attempt to obtain a psychological evaluation of Green, who then refused to submit to the evaluation. As a general rule, a defendant cannot block his attorney's efforts and later claim the resulting performance was constitutionally inadequate.[10] Green argues, however, that his refusal to cooperate did not free counsel of the obligation to perform a thorough investigation.

Although a defendant's failure to cooperate does not absolve trial counsel of the duty to make a reasonable investigation, the scope of that duty may be limited by a lack of cooperation.[11] In the case of psychological examina

---

[8] *See*, *e.g.*, *Neal v. Puckett*, 286 F.3d 230 (5th Cir. 2002) (per curiam) (en banc), *cert. denied*, 123 S. Ct. 963 (2003); *Bouchillon v. Collins*, 907 F.2d 589 (5th Cir. 1990); *Profitt v. Waldron*, 831 F.2d 1245 (5th Cir. 1987); *Beavers v. Balkcom*, 636 F.2d 114 (5th Cir. Unit B Feb. 1981). Much of the omitted mitigating evidence in these cases was missed as a result of counsel's failure to investigate the defendants' backgrounds in mental institutions and prisons. *Id.* at 691. The trial counsel in *Neal*, for instance, failed to discover a substantial amount of mitigating evidence, including evidence of brutal treatment at the hands of an alcoholic father, difficult conditions during confinement in a mental institution, and sexual abuse while petitioner was in prison. 239 F.3d at 689. In the instant case, by contrast, in addition to interviewing Green and certain family members, trial counsel subpoenaed Green's complete Texas Youth Council records, including his records from Giddings State School, and interviewed employees from Giddings, including teachers, staff, and coaches.

[9] Campos contends, in his affidavit, that he would have testified that Green suffers from PTSD as a consequence of his troubled childhood and that his violent behavior is related to that disorder. As the district court pointed out, however, Campos has never been qualified as an expert competent to testify with respect to PTSD.

[10] *See Autry v. McKaskle*, 727 F.2d 358, 361 (5th Cir. 1984) (rejecting claim of ineffective assistance of counsel for failure to investigate and present evidence at punishment where defendant had instructed his attorney not to fight death penalty); *Amos v. Scott*, 61 F.3d 333, 348-49 (5th Cir. 1995) (defendant not prejudiced by counsel's failure to investigate and present mitigating evidence where defendant had instructed counsel not to present punishment-phase evidence).

[11] *Bell v. Watkins*, 692 F.2d 999, 1009 n.11 (5th Cir. 1982) (citing *Gray*, 677 F.2d at 1094); *see also Randle v. Scott*, 43 F.3d 221, 225 (5th Cir. 1995) (holding that attorney's failure to investigate did not constitute ineffective assistance, at least in part because defendant had failed to provide relevant information); *Wiley v. Puckett*, 969 F.2d 86, 99 (5th Cir. 1992) (holding that attorney's investigation into mitigating evidence may (continued...)

tions, a defendant's refusal to cooperate effectively prevents investigation, rendering counsel's decision not to pursue the matter further reasonable. Green's refusal to submit to an evaluation therefore precludes him from claiming that counsel was ineffective in failing to present evidence regarding PTSD.[12]

### III.

Related to Green's claim of ineffective assistance is his contention that the district court abused its discretion in refusing his request for investigative funds filed pursuant to 21 U.S.C. § 848(q)(4)(B) and (q)(9). Green sought these funds primarily for the purpose of retaining a psychologist able to determine whether he suffers from PTSD.[13] We review for abuse of discretion the denial of investigative assistance. *See Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000).[14] Under § 848(q)(4)(B) and (q)(9), the district court may authorize funding for expert or investigatory assistance if the defendant shows both indigence and that the expert assistance requested is "reasonably necessary for the representation of the defendant."[15]

There is no dispute with respect to Green's indigence; the question turns on his failure to establish that the expert assistance requested was reasonably necessary to his representation. To demonstrate that assistance is reasonably necessary, a defendant must couple his request with a viable constitutional claim that is not procedurally barred. *See Fuller*, 114 F.3d at

---

[11](...continued) reasonably be limited when defendant fails to call witnesses to attorney's attention).

[12] *See Clanton v. Bair*, 826 F.2d 1354, 1358 (4th Cir. 1987) ("When a seemingly lucid and rational client rejects the suggestion of a psychiatric evaluation and there is no indication of a mental or emotional problem, a trial lawyer may reasonably forego insistence upon an investigation."). Although this case differs slightly from *Clanton* in that trial counsel was aware of some of the difficult circumstances of Green's childhood, counsel did not observe any indications of PTSD during trial nor did he believe that Green's background was consistent with PTSD. As we have said, counsel's failure to discover and present evidence of a criminal defendant's alleged mental disorder does not constitute ineffective assistance in the absence of "some indication that mental impairment might prove a promising line of defense." *Byrne v. Butler*, 845 F.2d 501, 513 (5th Cir. 1988); *see also Wiley*, 969 F.2d at 100 ("Because nothing alerted [trial counsel] to the possibility of mental impairment as a mitigating factor, we find the decision not to obtain a psychiatric evaluation entirely reasonable.").

[13] In addition to funds for expert psychological assistance, Green's original motion in the district court requested funding to locate and interview various individuals alleged to have information pertaining to his claims. Green mentions these additional funding requests only in passing and states merely that the requests are governed by the same legal standards as is his request for psychological expert assistance. He makes no attempt to describe the testimony these individuals would offer or how such testimony would support his claim of ineffective assistance. He therefore has waived these additional claims as a result of his failure adequately to brief the issue. *Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 878 (2003).

[14] A COA is not required to appeal the denial of relief under § 848(q)(4)(B). *See Hill*, 210 F.3d at 487 n.2 (citing *Sterling v. Scott*, 57 F.3d 451, 454 n.3 (5th Cir. 1995)).

[15] 28 U.S.C. § 848(q)(4)(b), (q)(9); *Hill*, 210 F.3d at 487 (citing *Fuller v. Johnson*, 114 F.3d 491, 502 (5th Cir. 1997)).

502.

Even if Green were able to secure a psychological evaluation establishing that he suffers from PTSD, however, it would not affect the disposition of his ineffective assistance claim. As we have explained, trial counsel's failure to introduce evidence of Green's alleged affliction with PTSD did not constitute ineffective assistance of counsel, especially in light of the fact that Green refused to cooperate with counsel's attempts to obtain a psychological evaluation at the time of trial. If it is now established that Green suffers from PTSD, counsel's performance would not thereby be retroactively rendered deficient.

In light of the absence of any relationship between the expert assistance sought and a viable constitutional claim, the district court did not abuse its discretion in concluding that a psychological expert was not reasonably necessary.

The application for a COA is DENIED.